*In re* PETITION FOR ANNEXATION OF LANDS OF THE VILLAGE OF GLEN CARBON—Appeal from the Third Judicial Circuit, Madison County.

(No. 69-91;

Fifth District—November 20, 1970.

Dick H. Mudge, Jr., of Edwardsville, for appellant.

Carr, Rafaelle & Kolker, of East St. Louis, (John B. Rafelle, of counsel,) for appellee.

PER CURIAM:

This is an appeal from an order of the Circuit Court of Madison County allowing a petition for annexation of certain territory to the

Village of Glen Carbon, Illinois. The only issue to be decided is whether the territory is contiguous to the village within the meaning of Ill. Rev. Stat., 1969, ch. 24, par. 7—1—1, which provides:

"Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality, may be annexed thereto as provided in this Article."

The territory sought to be annexed contains approximately 230 acres and has an extremely irregular boundary. Its common boundary with the village is 1312 feet along the eastern portion of the northern line of the village. The property then extends north one mile in an irregular fashion, varying in width from approximately 500 to 2,000 feet, then east approximately 2,000 feet and 800 feet wide, then south approximately 4,000 feet in widths varying from 200 to 800 feet. The general shape of this territory resembles an index finger bent 90 degrees at both of its joints.

Appellants-objectors are owners of eight lots included in this territory which are necessary to connect the property of other owners who petitioned for the annexation; thus their property cannot be excluded without destroying the contiguity of the territory Ill. Rev. Stat., 1969, ch. 24, par. 7—1—3.

■■ Appellants argue that contiguity means more than just touching and that the territory must be connected to the village in a reasonably substantial physical sense, relying on *People v. Village of Streamwood,* 15 Ill.2d 595, 155 N.E.2d 635, *Wild v. The People* 227 Ill. 556 and *City of Springfield v. Bedolli,* 85 Ill.App.2d 191, 228 N.E.2d 755. However, we do not believe that the territory sought to be annexed, even though irregular in shape, constitutes strip or corridor annexation condemned in the cases relied upon by appellants. In a case involving the incorporation of a village, (*Western Nat. Bank v. Village of Kildeer,* 19 Ill.2d 342), our Supreme Court said at 352:

"In order to be considered contiguous within the meaning of a statute, the tracts of land in the territory must touch or adjoin one another in a reasonably substantial physical sense."

and that, "(w)hile the boundaries of the village of Kildeer are extremely irregular, this in itself is not a fatal defect." *Id.* at 351. The court also observed that "contiguous" does not implicitly require that the area must also be "compact" since the legislature was familiar with the use of that term in the School Code and omitted it in the Cities and Villages Act. The territory sought to be annexed has a common boundary with the village of almost one-quarter of a mile. There are no areas which merely corner on another area nor are there mere strips of land used as a subterfuge to reach outlying areas of land to be annexed which are

found in the cases relied upon by appellants. Therefore, we believe that the territory is contiguous to the village as that term is used in section 7—1—1.

Appellants also contend that contiguity requires a community of interest and facilities. (*People v. Village of Hoffman Estates,* 30 Ill.2d 385.) The record shows that certain petitioners are owners of land which is now or which will be subdivided. These petitioners requested that water service be extended to these lots but the trustees of the village had a fixed policy of extending water service only to those areas which were annexed as part of the village. Appellants contend that since water is the only service presently sought to be obtained from the village that the required community of interest is lacking. They rely on testimony that this area is already under the same fire protection district as the village; that the village does not control the extension of sewage service; that the present village residents must pay monthly fees for garbage collection that is not provided by the village; that most of the streets in the area to be annexed are as good as or better than the streets within the village; that the village police department consists of a small part time police force, all of which, appellants argue, shows that the village would be unable to afford any services to the residents of the area to be annexed.

■■ However, one of the trustees of the village testified that he is familiar with the finances of the village and the proposed projects and that he definitely feels that the village will be able to provide new village residents with adequate services such as street lights, water, police protection and the like. The extension of water service would affect fire protection in that area since it would provide for fire plugs in the new area. Also, street maintenance and police protection could be improved as the extra tax monies are received.

■■ We do not believe that it is necessary that all municipal facilities or services be extended to an area before it can be annexed or that these facilities be immediately available. This record does not show that the Village of Glen Carbon will be unable or unwilling to provide the usual village facilities to the annexed territory when these projects become feasible. The fact that the immediate need of petitioners is only for water services does not negate the existence of a community of purpose and facilities. Therefore, we hold that the record does not demonstrate such a lack of unity of facilities as to render the annexed area not contiguous. *In re Annexation to City of Loves Park,* 89 Ill.App.2d 284.

The order of the Circuit Court of Madison County is therefore affirmed.

Order affirmed.