*In re* PETITION TO ANNEX CERTAIN TERRITORY TO THE VILLAGE OF NORTH BARRINGTON (Scott Doney *et al.*, Petitioners-Appellants; The Village of North Barrington, Intervenor-Appellant; Marvin E. Keith *et al.*, Objectors-Appellees).

Second District   No. 2—89—0878

Opinion filed October 25, 1990.

REINHARD, J., dissenting.

Terrence J. Griffin, of Arnstein & Lehr, of Barrington (James P. Bateman, of counsel), for appellant Village of North Barrington.

Richard L. Wexler, of Sachnoff & Weaver, Ltd., of Chicago (Thomas J. Bamonte, of counsel), for other appellants.

Kenneth J. Glick, of Ray & Glick, Ltd., of Libertyville (C. Jeffrey Thut, of counsel), for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Petitioners-appellants (petitioners) filed a petition for annexation in the circuit court of Lake County. Following a hearing on petitioners' motion for summary judgment, the court ordered amendment of the petition, deleting certain properties sought to be annexed, and directed that the amended petition be submitted to the corporate authorities of the Village of North Barrington for final action. Petitioners later moved for reconsideration and partial modification of the order. The trial court denied the motion. This appeal followed.

Petitioners, all owners of record of and/or electors residing on certain lots in a subdivision in unincorporated Lake County, submitted to the trial court a petition for annexation to the Village of North Barrington on July 28, 1988. Appellant Village of North Barrington (Village) filed a petition for intervention as an interested party soon after. The owners of lots 1, 2, 9, and 17 (objectors) filed objections to the inclusion of their property in the petition.

The court held a hearing on June 6, 1989, on petitioners' motion for summary judgment and on any remaining objections. The court found the land in question to be a proper area to be annexed. However, the court then considered the objection of the owner of lot 1. The petition sought to annex a portion of lot 1, without which lots 9 and 14 would not be connected to the other land to be annexed. The

owner of lot 1 sought to exclude its property from the annexation, contending that its property was on the perimeter of the area in question and that exclusion of its land would not destroy the contiguity of the territory proposed for annexation. Property in such a position may be excluded under section 7—1—3(4) of the Illinois Municipal Code of 1961 (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—3(4)). The court found the objection to be valid and, therefore, ordered the annexation petition to be amended to eliminate the objectors' land and lots 9 and 14, which, because of the elimination of lot 1, were no longer connected. The remainder of the petition was found to be valid, and the court directed that the amended petition be submitted to the Village of North Barrington for final action. Petitioners and the Village sought reconsideration and partial modification of the court's order. However, such relief was denied.

The property sought to be annexed extends east and northeast of the Village of North Barrington. The portion of lot 1 at issue protrudes 656 feet from the eastern edge of the main portion of the petitioning property. Lots 9 and 14 then extend south from the eastern 325 feet of the southern border of lot 1, creating a peninsula running parallel to the border of North Barrington. Two lots not included in the petition separate this peninsula from the southern portion of the main body of land to be annexed.

■ Section 7—1—3 of the Municipal Code allows objection to an annexation petition by an interested person for the following reasons:

"(1) *** the territory described in the petition *** is not contiguous to the annexing municipality, (2) *** the petition is not signed by the requisite number of electors or property owners of record, (3) *** the description of the territory contained in the petition *** is inadequate, or (4) *** the objector's land is located on the perimeter of such territory, *** he does not desire annexation, and *** exclusion of his land will not destroy the contiguity of such described property with the annexing municipality." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3.)

In the case at bar, the owners of lots 1, 2, 9, and 17 filed objections, seeking deletion from the annexation. The objections of lots 2 and 9 were never argued before the court, and no ruling was made as to the validity of those objections. Lot 17 was deleted by stipulation of the parties. The court allowed the deletion of the portion of lot 1 included in the petition finding that, while such a deletion would destroy the contiguity of lots 9 and 14, it would not destroy the contiguity of "the main or largest or most substantial part of the proposed annexation territory."

We have found no support for the trial court's theory that the statutory language "such described property" means "the main or largest or most substantial part" of the property. Indeed, such a rule is illogical. By definition, the perimeter is the "outer limits." (Webster's Ninth New Collegiate Dictionary 874 (1983).) A parcel of property located on the outer limit of an area to be annexed would not destroy the contiguity of most of the land to be annexed; the contiguity of most of the land is dependent upon the land located between it and the municipality, not land located on the outer limit. The trial court's rule would require the granting of almost any objection made by a perimeter objector, so long as the contiguity of less than one-half of the remaining territory was not affected. We decline to adopt such a rule.

However, this court may affirm a judgment on any ground warranted, regardless of whether it was relied upon by the trial court or whether the reason given by the trial court was correct. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) The grounds upon which we decide this case were raised during oral argument, and the parties were ordered to submit supplemental briefs on the issue. Accordingly, we conclude that lot 1 should have been deleted from the annexation petition. Lot 1 was the first of three lots in the appendage extending from the perimeter of the main body of land to be annexed. Of these three lots, only lot 14, the lot farthest from the main body, wanted annexation. Where an annexation petition includes an appendage of land extending from the main body of land to be annexed, the majority of the landowners in the appendage should decide the fate of the property in the appendage. In the case before us, owners of two of the three lots in the appendage objected to their inclusion in the petition. They should not be forced into the annexation for the benefit of one lot even farther removed from the annexing municipality. As the trial court noted, "[t]he owner of Lot [*sic*] 14 has no greater right to be included than the owner of Lot [*sic*] 1 has to be excluded." We do not believe that the legislature intended a contrary outcome.

The petitioners argue that the legislature has adequately provided for the rights of minorities in annexation proceedings by including the opt-out procedure in section 7—1—3(4) of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3(4)); therefore, according to the petitioners, our ruling would provide relief not intended by the legislature. This is not so. Section 7—1—3(4) grants perimeter objectors the opportunity to be deleted from the area to be annexed. An appendage of land is always attached to the perimeter of the main

body of land. Therefore, lands located in the appendage are on the perimeter of the land to be annexed. Our ruling today merely protects the rights of the majority of landowners in the appendage within existing legislative provisions. The sections of the Municipal Code which govern annexation are founded upon democratic notions of majority rule. By our ruling today, we strengthen the rule of the majority in the appendage and limit the tyranny of landowners located between the appendage and the annexing municipality.

■ This rule also fits within section 7—1—3(2) of the Municipal Code, which allows objection when "the petition is not signed by the requisite number of electors or property owners of record." (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3(2).) Because the landowners and electors *in the appendage* seeking annexation did not constitute a majority, the requisite numbers were not present. Therefore, lots 1, 9, and 14 should have been excluded.

We affirm the judgment of the circuit court of Lake County.

Affirmed.

INGLIS, J., concurs.

JUSTICE REINHARD, dissenting:

I disagree with that part of the opinion which affirms the trial court on a ground not considered in the trial court, not raised in the initial briefs of the parties, and not urged by any of the parties in supplemental briefs filed by the parties. The majority has based its decision on the proposition that, "[w]here an annexation petition includes an appendage of land extending from the main body of land to be annexed, the majority of the landowners in the appendage should decide the fate of the property in the appendage." (204 Ill. App. 3d at 805.) No authority is developed or cited for this unique proposition, and, even after being ordered to brief this issue, all the parties to this appeal have found no support for this proposition in the annexation provisions of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—1 *et seq.*) or case law. The majority's creation of an "appendage" exception to annexation of land which otherwise meets the statutory requirement of being contiguous to a municipality is contrary to section 7—1—1 of the Municipal Code and at odds with long-established precedent that irregularity of boundaries is not a bar to annexation if the land is contiguous. *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1050-51; *In re Petition to Annex Certain Territory to the Village of South Barrington* (1972), 7 Ill. App.

3d 958, 963; see also *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350-51.

Although the majority's basis for affirming the trial court is not supported by the Municipal Code or case law, its rejection of the trial court's interpretation of section 7—1—3 of the Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 7—1—3) in the earlier portion of the opinion is correct. A perimeter objector cannot be excluded if that exclusion would destroy the contiguity for the remaining territory to be annexed. (*In re Petition for Annexation of Certain Territory to the City of Naperville, Will & Du Page Counties* (1974), 24 Ill. App. 3d 908, 910-11; *In re Petition for Annexation of Lands of the Village of Glen Carbon* (1970), 130 Ill. App. 2d 821, 822; see also *In re Petition of Westmoreland, Inc., for Annexation of Certain Territory to City of Springfield* (1957), 15 Ill. App. 2d 51 (abstract of opinion).) Because exclusion of lot 1 would destroy the contiguity to lots 9 and 14, the trial court order to the contrary was against the manifest weight of the evidence and must be reversed. For the foregoing reasons, I respectfully dissent.