(No. 71167

*In re* PETITION TO ANNEX CERTAIN TERRITORY TO THE VILLAGE OF NORTH BARRINGTON, a Municipal Corporation of the State of Illinois (Scott Doney *et al.*, Appellants, v. Marvin E. Keith *et al.*, Appellees).

*Opinion filed September 26, 1991.*

Sachnoff & Weaver, Ltd., of Chicago (Richard L. Wexler and Thomas J. Bamonte, of counsel), for appellants.

Arnstein & Lehr, of Barrington (J. William Braithwaite, James P. Bateman and Terrence J. Griffin, of counsel), for intervenor-appellant Village of North Barrington.

Kenneth J. Glick, of Ray & Glick, Ltd., of Libertyville, and C. Jeffrey Thut, of Hall, Holmberg, Roach, Johnston & Fisher, of Waukegan, for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

On July 28, 1988, petitioners, Scott Doney and other owners of land and electors residing in an unincorporated

area of Lake County, filed in the circuit court of Lake County a petition for annexation of the territory to the Village of North Barrington pursuant to the Illinois Municipal Code. (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—2.) The Village of North Barrington (Village or intervenor) was allowed to intervene in support of the petition. (Ill. Rev. Stat. 1987, ch. 110, par. 2—408.) Two groups filed objections to exclude their land from the annexation petition. One group of objectors are appellees, Marvin E. Keith and other owners of certain perimeter land within the territory for annexation, who filed objections pursuant to section 7—1—3(4) of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—3(4)). Petitioners and the Village filed a motion for summary judgment on the petition and against the appellee objectors. After a hearing on the motion, the trial court granted the objections and modified the petition to exclude the land of Keith and the other appellees. The appellate court affirmed, with one justice dissenting. (204 Ill. App. 3d 801.) We granted the Village and petitioners leave to appeal (134 Ill. 2d R. 315).

We reverse.

## FACTS

The territory included in the annexation petition consists of 13 lots in addition to parts of two other lots. The land to be annexed lies east and northeast of the Village of North Barrington and is contiguous to the Village along a common boundary approximately 1,600 feet long. Appellees' land consists of Lots 1, 2, and 9, which lie along the eastern perimeter of the territory to be annexed. Lot 2 is the northernmost of the three lots, with Lot 1 touching Lot 2 along a line near Lot 2's southeastern end and extending eastward. Lot 9 touches Lot 1 at Lot 1's southern boundary and extends further south. Lot 14, owned by two of the petitioners, lies just south of Lot 9 and is contiguous to the territory to be annexed only by

means of its common boundary with Lot 9. A copy of the plat of annexation is included as an appendix to this opinion.

Appellees assert in their objections that their property is on the perimeter of the territory to be annexed, that they do not desire annexation, and that inclusion of their property is not necessary in order to establish contiguity of the territory with the annexing municipality. In their written objections, appellees do not distinguish among Lots 1, 2, and 9. However, at oral argument before the trial court, appellees asserted their objections regarding only Lot 1, and the trial court limited its ruling based on objections to Lot 1. Accordingly, our review is limited to objections to the annexation of Lot 1. Appellees also filed other objections to the petition, all of which were ruled upon by the trial court and are not raised in this appeal.

In addition to appellees, another group of objectors were Doyel and Betty Gay, owners of a portion of Lot 17, which lies in the southwest area of the territory to be annexed. Originally, the Gays' property was included in the plat. By agreement between petitioners and the Gays, however, that property was excluded from the annexation petition and is not a subject of this appeal.

Two other lots, owned by the Kaans and the Blacks and located east of Lot 17 and contiguous to Lots 9 and 14, were never included in the petition for annexation. Appellees noted in the trial court and further assert in this appeal that the record shows that the Kaans and Blacks attended at least one of the prepetition meetings held by owners and residents in the area being considered for annexation.

The parties do not dispute that, in accord with section 7—1—1 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—1), the territory which is the subject of the petition is an area of contiguous land not within the corporate limits of any municipality and is contiguous to the

Village of North Barrington. The parties filed a written stipulation that the petition was signed by a majority of the owners of record and a majority of electors in the territory to be annexed. Further, the trial court found that the petition met the other requirements of section 7—1—2 of the Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—2). In addition, the parties agree that, under section 7—1—3(4), Lot 1 is located on the perimeter of the territory sought to be annexed and the objectors do not desire that Lot 1 be annexed. The question before the trial court was limited to whether exclusion of Lot 1 would "destroy the contiguity of such described property with the annexing municipality," pursuant to section 7—1—3(4) of the Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—3(4)).

On June 8, 1989, the trial court held that if Lot 1 were excluded, the contiguity "of the main or substantial portion of the territory sought to be annexed" would not be destroyed. The trial court found that the area of land formed by Lots 1, 9, and 14 constituted a "configuration" that was "irregular, asymmetrical and non-contiguous with the rest of the property sought to be annexed." The court granted appellees' objection and excluded Lot 1 from the plat of annexation.

The trial court declined to rule on the objections to Lot 9, since they were not argued. However, the court stated that exclusion of Lot 1 makes Lots 9 and 14 non-contiguous to the remaining territory to be annexed. Since the inclusion of Lot 9 was objected to, the trial court stated, exclusion of Lot 1 "has only the limited effect of making Lot 14 non-contiguous." The trial court then ordered that the petition be amended to eliminate Lots 1, 9, and 14.

Petitioners and intervenor filed a motion for reconsideration and partial modification of the order, asserting that the order violates section 7—1—3(4) and prevents the owners of Lot 14 from having their property included in

the annexation. Further, petitioners and intervenor argued that the court improperly destroyed the contiguity of Lots 9 and 14 by excluding Lot 1 from the petition. In addition, they asserted that the order contradicts the parties' stipulated agreement that the land included in the petition is a contiguous area of land contiguous to the Village of North Barrington. Finally, petitioners and intervenor cited case law which holds that irregular boundaries of territory to be annexed are not fatal to an annexation petition. In response to the motion, appellees admitted that the petition complied with the "technical requirements" of the Municipal Code, but asserted that the trial court properly found that the petition failed to meet the "reasonableness requirement" of contiguity. The trial court denied the motion for reconsideration.

Petitioners appealed to the appellate court, contending that the Municipal Code did not provide for the exclusion of appellees' property under the circumstances. An appellate court majority affirmed the trial court. The majority rejected the trial court's holding that under section 7—1—3(4), exclusion of an objector's perimeter parcel is permitted where the exclusion does not destroy the contiguity of the "main" or largest or "most substantial part" of the territory to be annexed. However, the appellate court then formulated an "appendage" rule, that where an annexation petition includes an appendage of land extending from the main body of land to be annexed, a majority of the landowners in the appendage decide whether the appendage is annexed. The court characterized the area comprising Lots 1, 9, and 14 as an appendage, and reasoned that since the owners of Lots 1 and 9, two of the three lots, did not desire annexation, the appendage should be excluded from annexation.

The dissenting appellate court opinion agrees that the trial court improperly interpreted section 7—1—3(4). The dissent states, however, that the majority fails to cite au-

thority for its "unique proposition" regarding the append-age exception. Further, the dissent states that the majority opinion is contrary to the Municipal Code as well as precedent holding that irregularity of boundaries is not a bar to annexation where the land is contiguous. Finally, the dissent states that the trial court's order excluding objectors' lots is against the manifest weight of the evidence, since exclusion of Lot 1 destroys the contiguity of Lots 9 and 14, where the statute prohibits such exclusion under these circumstances. 204 Ill. App. 3d at 806-07 (Reinhard, J., dissenting).

## DISCUSSION

On appeal petitioners first argue that the appendage exception created by the appellate court is contrary to Illinois law and constitutes judicial legislation. The objectors respond that the trial and appellate courts properly held that the plat of annexation as drawn by the petitioners was unreasonable and contrary to the intent of the legislature. Further, objectors contend that denial of their objections would deny them their statutory "right" to withdraw their property from the annexation.

Initially, we review the role of the courts regarding the annexation statute. It is well established that the legislature alone has the authority to allow or require the alteration of municipal boundaries by annexation or otherwise. (*Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, 528; *City of Galesburg v. Hawkinson* (1874), 75 Ill. 152; see also 2 E. McQuillin, The Law of Municipal Corporations §7.10, at 396 (3d rev. ed. 1988).) The court's function is to determine whether the petitioners have complied with the procedures set forth by the legislature for annexation. (*Spaulding School District No. 58*, 18 Ill. 2d at 528; *In re Petition of Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 549.) A petition for annexation must strictly comply

with statutory requirements. *People ex rel. Universal Oil Products Co. v. Village of Lyons* (1948), 400 Ill. 82; *In re Petition to Annex Certain Real Estate to Crest Hill* (1975), 26 Ill. App. 3d 99.

In ruling upon a petition for annexation, the court lacks any discretion to determine what shall constitute a sufficient petition for annexation. Rather, the court decides upon the sufficiency of the petition in accord with statutory requirements, and addresses questions presented relating to the execution of the statute. (*Village of Averyville v. City of Peoria* (1929), 335 Ill. 106, 109-10.) The findings of the trial court as to the statutory requirements will not be disturbed on appeal unless the findings are contrary to the manifest weight of the evidence. See *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 318-19; *Harris Trust & Savings Bank v. Village of Barrington Hills* (1989), 133 Ill. 2d 146.

Petitioners properly filed their petition for annexation pursuant to section 7—1—2 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—2). Objectors then filed their objections pursuant to section 7—1—3(4) of the Municipal Code. The validity of these objections is at issue. See Ill. Rev. Stat. 1987, ch. 24, par. 7—1—4.

To ascertain the legislative intent underlying section 7—1—3(4) and the annexation statute generally, we look first to the statutory language, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 318.) Words used in the Municipal Code, as in any other statute, are to be given their plain and commonly understood meaning in the absence of an indication of legislative intent to the contrary. *Maloney v. Bower* (1986), 113 Ill. 2d 473, 479.

Subsection (4) must be read in conjunction with the rest of section 7—1—3, which provides:

"§7—1—3. After the filing of the petition ***, any interested person may file with the circuit clerk his objections (1) that the territory described in the petition *** is not contiguous to the annexing municipality, (2) that the petition is not signed by the requisite number of electors or property owners of record, (3) that the description of the territory contained in the petition *** is inadequate, or (4) that the objector's land is located on the perimeter of such territory, that he does not desire annexation, and that *exclusion of his land will not destroy the contiguity of such described property with the annexing municipality.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 24, par. 7—1—3.

The trial court read "such described property" in subsection (4) to mean the "main or substantial portion" of the territory to be annexed. The appellate court disagreed. We agree with the appellate court that the language of section 7—1—3 does not support that meaning.

In order to ascertain the meaning of "such described property" in subsection (4), we look to the other parts of section 7—1—3. Subsection (1) sets forth the "territory described in the petition," and subsection (3) states, "the territory contained in the petition." (Ill. Rev. Stat. 1987, ch. 24, pars. 7—1—3(1), (3).) In addition, subsection (4) refers to "such territory" and then "such described property." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—3(4).) We find that the plain language of section 7—1—3 indicates that "such described property" in subsection (4) refers to the territory as a whole described in the petition for annexation. Our reading of section 7—1—3 shows no indication that only the "main" or "substantial" part of the territory to be annexed be considered. There is no language in section 7—1—3 which qualifies or modifies "territory" in such a way. Rather, our reading of the language of section 7—1—3(4) indicates a legislative intent that an objection may be properly filed by an objector whose land is on the perimeter of the territory to be annexed, where the objector does not desire annexation, and where exclusion

of his land will not destroy the contiguity of the territory to be annexed with the annexing municipality.

To determine the propriety of the trial and appellate courts' holdings, we must also examine section 7—1—4, which sets forth the procedures to be followed by the trial court in ruling on objections filed pursuant to section 7—1—3(4):

> "§7—1—4. ***
>
> Prior to hearing evidence on the validity of the annexation petition ***, the court shall hear and determine any objection under sub-paragraph (4) of Section 7—1—3. If the court is satisfied that such objection is valid, it shall order the petition *** to be amended to eliminate such objector's land from the territory sought to be annexed. ***
>
> But if the court finds that the petition *** is valid, the court shall (1) enter an order describing the territory to be annexed, (2) find that the petition *** conforms to this Article, and (3) direct that the question of annexation be submitted to the corporate authorities of the annexing municipality *** for final action." (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—4.)

Our reading of section 7—1—4 in conjunction with section 7—1—3(4) reveals that the land of a perimeter objector cannot be excluded if the exclusion would destroy the contiguity of the remaining territory to be annexed.

Appellees admitted at oral argument before the trial court that exclusion of their land would make petitioners' Lot 14 noncontiguous to the remaining territory to be annexed. Pursuant to sections 7—1—3(4) and 7—1—4, therefore, appellees' land cannot be properly excluded from the petition. Thus, the trial court's finding that the exclusion of Lot 1 would not destroy the contiguity of the remaining territory to be annexed is contrary to the manifest weight of the evidence. See *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 318-19; *Harris Trust & Savings Bank v. Village of Barrington Hills* (1989), 133 Ill. 2d 146.

Further, we find that the appellate court's appendage rule is contrary to the annexation statute. We have reviewed in detail sections 7–1–3(4) and 7–1–4 and find no support for such a rule. First, there is no statutory language to support the rule. "Appendage" is not used by the legislature in the annexation statute. Nor is there any definition of an appendage or provisions setting forth how an appendage exception would be applied. There is nothing in the statute which states, explicitly or implicitly, that there is any special consideration given to landowners or electors within an appendage of land. The appellate court improperly affirmed the trial court's ruling regarding the contiguity of the property to be annexed to the Village.

Appellees nevertheless maintain that their land should be excluded, since the contiguity of the territory was not "reasonable" or in accord with the purpose of the annexation statute. The rule of construction provides that where the meaning of the enactment is unclear from the statutory language itself, we may consider the purposes to be attained by the statute. (*In re Petition of the Village of Kildeer to Annex Certain Territory* (1988), 124 Ill. 2d 533, 545; *American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 239.) We have found no ambiguity in the statute, and therefore it is sufficient that we have reviewed the plain language of the statute to ascertain its meaning. Nevertheless, in order to fully address the arguments raised by the parties and to set forth a more complete review of the law, we will examine the purpose of the contiguity requirement and prior case law applying this statutory requirement.

As this court stated in *People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, the purpose of the contiguity requirement in the annexation statute is to permit the natural and gradual extension of municipal boundaries to areas which " 'adjoin one another in a reasonably substantial physical sense.' " (*City of Belleville,*

84 Ill. 2d at 12, quoting *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 352; see also *Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, 529.) The requirement of a substantial common boundary ensures that delivery of police and fire services, sewer lines, and other provisions is convenient for the city and its residents. (See *Wild v. People ex rel. Stephens* (1907), 227 Ill. 556, 560.) "To permit the wholesale annexation of a number of parcels which stretch far beyond the original corporate limits would defeat the purpose of the requirement." (*City of Belleville*, 84 Ill. 2d at 12.) The courts of this State have held that "contiguity" should be given a uniform liberal construction throughout the annexation statute. (*Village of Kildeer*, 19 Ill. 2d at 351-52; *People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 837.) The determination as to the reasonableness of the contiguity must be determined from the facts of each case. *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 352.

In the instant case, the plat of annexation shows that the territory to be annexed touches the Village of North Barrington in a "reasonably substantial physical sense" and allows for a natural extension of the Village's boundary. The plat is in keeping with the purpose of the contiguity requirement.

*City of Countryside v. Village of La Grange* (1962), 24 Ill. 2d 163, applies the contiguity requirement and is illustrative for the facts before us. In *City of Countryside*, the objectors filed objections to annexation of their property to the City of Countryside. The objectors argued, among other things, that their property was located on the perimeter of the property to be annexed and exclusion of their property would not destroy the contiguity of the property sought to be annexed to the City of Countryside. The trial court dismissed the petition. However, on direct

appeal, this court found that the objectors' allegations that their property was on the perimeter of the property sought to be annexed and that exclusion of their property would not destroy the necessary contiguity were "clearly contrary to the physical facts." This court reasoned that the evidence showed that objectors' property was immediately adjacent to Countryside and to exclude it would destroy the contiguity of other land to be annexed to Countryside. Accordingly, we held that the trial court erred in dismissing Countryside's petition. *City of Countryside*, 24 Ill. 2d at 168.

Similarly, in the instant case, objectors' contention that exclusion of their property would not destroy the contiguity of the remaining territory is clearly contrary to the facts. First, objectors admitted before the trial court that exclusion of their property would destroy the contiguity of petitioners' Lot 14. Second, the plat of annexation reveals that objectors' contention is contrary to the physical facts represented there.

We also find, in accord with petitioners' contention, that the appellate court's appendage exception is contrary to long-standing precedent that even extreme irregularity of boundaries does not bar annexation where the land to be annexed consists of contiguous parcels and is contiguous to the municipality. (*Village of Morgan Park v. City of Chicago* (1912), 255 Ill. 190, 192-94; *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 351; *People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 12-13.) Limitations have been set forth without resort to the creation or application of an "appendage" rule. For instance, the use of a narrow "strip" of land to connect a parcel with the rest of the territory to be annexed has been held not to meet the requirement of contiguity under the statute. (*Wild v. People ex rel. Stephens* (1907), 227 Ill. 556.) In addition, where a parcel of land merely "corners" the rest of the territory to be

annexed, the parcel has been found not to be contiguous. *Wild*, 227 Ill. at 560-61; see also *Village of Kildeer*, 19 Ill. 2d at 351; *In re Annexation to City of Prospect Heights* (1982), 107 Ill. App. 3d 1045, 1050-51.

*In re Petition for Annexation of Lands to the Village of Glen Carbon* (1970), 130 Ill. App. 2d 821, cites *Village of Kildeer* for its analysis for determining contiguity. The objectors in *Village of Glen Carbon* were owners of lots in the territory to be annexed, and exclusion of their property would destroy the contiguity of the territory. The objectors challenged the annexation by asserting that the territory did not consist of contiguous land. The trial court held that the territory was contiguous, despite the territory's extremely irregular shape. The appellate court agreed, noting that the territory shared a 1,312-foot common boundary with the village. Further, the appellate court stated that the annexation did not constitute "strip" or corridor annexation or "cornering." The irregular or noncompact shape of the territory did not defeat the trial court's proper finding of contiguity. *Village of Glen Carbon*, 130 Ill. App. 2d at 822-23.

In the instant case, as in *Village of Glen Carbon*, the territory to be annexed is an area of contiguous land which shares a substantial common border, approximately 1,600 feet long, with the annexing municipality. Admittedly, the territory to be annexed has an irregular shape, with Lots 1, 9, and 14 forming a backward, upside-down "L" shape extending from a line along the border of Lot 2. The irregularity of the proposed annexation territory, however, does not constitute "strip" annexation or "cornering," which have been found to be improper forms of annexation. The irregularity of the territory does not defeat its annexation.

Objectors, however, further cite the rule of statutory construction that there is a presumption that the legislature did not seek injustice or absurd and unreasonable

consequences in enacting legislation. Objectors cite *Liberty Mutual Insurance Co. v. Zambole* (1986), 141 Ill. App. 3d 803, and *Herbert v. Board of Fire & Police Commissioners* (1981), 97 Ill. App. 3d 1138. We note that this court has set forth the "no absurdity" rule in *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 363, and *People v. Steppan* (1985), 105 Ill. 2d 310, 316.

Objectors contend that the trial and appellate courts properly found that the plat of annexation was unreasonably drawn by petitioners in an irregular manner. They contend that the map was "gerrymandered" to "intentionally exclude" the Kaan and Black properties and include Lot 14. Objectors assert that it is "unreasonable to require that Lots 1 and 9 be annexed for the sole benefit of Lot 14," especially since Lot 14 would be contiguous to the remaining territory to be annexed if the property of the Kaans and Blacks had been included in the petition. Objectors also assert that the courts have an obligation to ensure that plats of annexation are drawn in a "reasonable" manner in accord with legislative intent.

We disagree with objectors' characterization of the role of the court in annexation proceedings. As set forth in our discussion above, the courts and the legislature have very distinct roles in an annexation case, and the court lacks authority to determine what factors shall constitute a sufficient petition for annexation. (*Village of Averyville v. City of Peoria* (1929), 335 Ill. 106.) Further, as this court stated in *Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, the legislature has left to the city council and the electors, rather than to the court, the question of the reasonableness of a petition for annexation. Since there is no requirement of reasonableness set forth in the annexation statute, the trial court lacks the authority to question the statute further. See *Spaulding School District No. 58*, 18 Ill. 2d at 530.

Further, the record contains no evidence of overreaching or fraud in the preparation of the petition. Objectors merely argue that the irregular shape of the territory to be annexed and the noninclusion of the Kaan and Black parcels appear curious. Absent evidence of overreaching or use of an improper means of annexation, we cannot further consider objectors' assertions. We have found that appellees' objection to the annexation of Lot 1 based on the contiguity requirement is not valid and the trial court's ruling was contrary to the manifest weight of the evidence. Further, the appellate court improperly affirmed the trial court.

We find that pursuant to sections 7—1—3 and 7—1—4 of the Municipal Code the appellees' objections to the annexation of Lot 1 are not valid. We remand this matter to the trial court for further proceedings in accord with this opinion. If no further objections are submitted to the trial court for determination, the trial court is directed to enter an order describing the territory to be annexed to include all of the lots set forth in the petition, and the trial court is to direct that the question of annexation be submitted to the corporate authorities of the Village for final action pursuant to section 7—1—4 of the Municipal Code (Ill. Rev. Stat. 1987, ch. 24, par. 7—1—4).

For the foregoing reasons, we reverse the judgments of the appellate and circuit courts and remand this matter to the trial court for further proceedings in accord with this opinion.

*Judgments reversed;*
*cause remanded with directions.*

# APPENDIX