**2021 IL 126444**


# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126444)

THE BOARD OF EDUCATION OF RICHLAND SCHOOL DISTRICT NO. 88A,
Appellee, v. THE CITY OF CREST HILL, Appellant.


*Opinion filed September 23, 2021.*


JUSTICE OVERSTREET delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Garman, Theis, Neville, Michael J. Burke, and Carter concurred in the judgment and opinion.


**OPINION**

¶ 1    The appellee, the Board of Education of Richland School District No. 88A (School Board), sought equitable relief in the Will County circuit court from ordinances enacted by the appellant, the City of Crest Hill (Crest Hill), creating a real property tax increment financing (TIF) district and attendant redevelopment plan and project, pursuant to the Tax Increment Allocation Redevelopment Act

(TIF Act) (65 ILCS 5/11-74.4-1 *et seq.* (West 2018)). The School Board complained that Crest Hill created the district in violation of the TIF Act by, among other things, including parcels of realty in the redevelopment project area that were not contiguous. Both parties filed cross-motions for summary judgment, and the circuit court granted summary judgment in favor of Crest Hill. The School Board appealed, and the Appellate Court, Third District, reversed the circuit court's order. For the following reasons, we affirm the judgment of the appellate court and reverse the judgment of the circuit court.

¶ 2                                    I. BACKGROUND

¶ 3        We limit our review of the facts to those relevant to our determination on appeal. In 2017, Crest Hill sought to establish the Weber Road Corridor TIF District (Weber TIF District) pursuant to the provisions of the TIF Act (*id.*) and adopted corresponding TIF ordinances (City of Crest Hill Ordinance Nos. 1758, 1759, 1760 (eff. Nov. 20, 2017)). TIF ordinance number 1758 provided, *inter alia*, that Crest Hill had determined that the parcels of real property proposed to form the redevelopment project area of the Weber TIF District were contiguous as required by the TIF Act (65 ILCS 5/11-74.4-4(a) (West 2018)).

¶ 4        On January 2, 2018, the School Board filed suit requesting the circuit court to declare Crest Hill's TIF ordinances invalid, illegal, and void *ab initio* and to enjoin Crest Hill's implementation of the Weber TIF District and execution of its redevelopment project and plan. The School Board alleged that Crest Hill's TIF ordinances were invalid due to noncompliance with the statutory mandates of the TIF Act (65 ILCS 5/11-74.4-1 *et seq.* (West 2018)). The School Board asserted, *inter alia*, that the northwestern portion of the Weber TIF District did not touch or adjoin in any substantial physical sense the remainder of the Weber TIF District and, therefore, the parcels in the redevelopment project area were not contiguous, as required by section 11-74.4-4(a) of the TIF Act. *Id.* § 11-74.4-4(a). For context, we have included notated maps of the Weber TIF District, previously published in the appellate court's opinion, immediately below.

*Map 1*—TIF District Map



*Map 2*—Enlarged TIF District Map with Measurements and Highlighted Boundary



¶ 5        Parcels A, B, and C in the depictions were annexed to Crest Hill in 2000 and 2002. City of Crest Hill Ordinance No. 1149 (eff. July 17, 2000); City of Crest Hill Ordinance No. 1150 (eff. July 17, 2000); City of Crest Hill Ordinance No. 1245 (eff. May 20, 2002). The strip of land running parallel and adjacent to parcels A and B for 234.9 feet, as shown in the depictions, is owned by Natural Gas Pipeline, a utility company located in Houston, Texas. See *2019 Levy Real Estate Tax Information*, Will County Treasurer, http://willtax.willcountydata.com/maintax/ ccgis52?1104203000080000 (last visited July 22, 2020) [https://perma.cc/X2C6-AC33]; see also *People v. Johnson*, 2021 IL 125738, ¶ 54 ("Illinois courts often take judicial notice of facts that are readily verifiable by referring to sources of indisputable accuracy" such as court records or public documents, including records on government website).[1]

¶ 6        The School Board attached to its complaint the "Weber Road Corridor TIF Redevelopment Plan and Project" prepared for Crest Hill in July 2017 by Camiros, Ltd., a planning firm dealing in tax increment allocation and redevelopment financing in Illinois. This document noted that the "triangular-shaped area of land located north of Division Street [wa]s excluded from the [Weber TIF District] because it [wa]s *** unincorporated and *** not being annexed into *** Crest Hill at [the] time. This excluded area include[d] a natural gas utility pipeline right-of-way that extend[ed] through the northeast quadrant of the [p]roject [a]rea."

¶ 7        In its answer to the School Board's argument that the Weber TIF District lacked contiguity, Crest Hill asserted that "[t]he property north of Division Street ha[d] a common border with the property to the west of the excluded utility pipeline, which [was] a 100[-]foot[-]wide public utility right-of-way, of 234.9 feet." Crest Hill noted that parcels A and B were found to be contiguous when annexed by excluding this public utility right-of-way. Crest Hill further noted that "[t]he width of Longmeadow Drive [also referred to as Randich Road], immediately east and west of the public utility right-of-way [wa]s 66 feet." Crest Hill argued that, by excluding the pipeline as permitted during annexation and by combining the right-of-way and

---

[1]In its brief, Crest Hill states that it did not annex this strip of property because Natural Gas Pipeline did not consent to annexation and the conditions required for forcible annexation did not exist.

Randich Road border measurements, parcels A and B would touch by a length of over 300 feet.

¶ 8        On December 21, 2018, Crest Hill and the School Board filed cross-motions for summary judgment. In its motion and memorandum in support of its motion for summary judgment, the School Board noted that the excluded area between parcels A and B included privately owned, unincorporated property. The School Board further noted that, to establish contiguity, Crest Hill sought to rely solely on a 234.9-foot section of property to connect the 74-acre-plus parcel to the southeastern portion of the Weber TIF District.

¶ 9        In response, Crest Hill acknowledged that the sole contiguity between parcels A and B was established by excluding a public utility right-of-way. Crest Hill argued that the annexation provisions of the Illinois Municipal Code expressly permitted it to "jump" over the public utility right-of-way for purposes of the prior annexation of parcel B. See 65 ILCS 5/7-1-1 (West 2018). Crest Hill argued that, if contiguity existed for the purpose of annexation, it must also exist for the same parcels in creating the Weber TIF District.

¶ 10        The School Board rejected Crest Hill's contentions. The School Board maintained that the area northwest of the excluded area (parcels B and C) was not contiguous to the remainder of the redevelopment project area in the Weber TIF District (parcel A). The School Board argued that the portion of the Municipal Code governing TIF districts did not allow Crest Hill to "jump" the 234.9-foot portion of the utility parcel to establish contiguity between parcels A and B. The School Board pointed out that, because annexations and TIF districts are governed by independent provisions of the Municipal Code, reliance on the express statutory exemption contained in the annexation provisions of the Municipal Code, and not contained in the TIF Act, was improper. The School Board further argued that section 11-74.4-4 of the TIF Act (*id.* § 11-74.4-4), expressly allowing redevelopment project areas separated by a public right-of-way to share revenues, supported the School Board's contention that contiguity of a single redevelopment project area cannot be established by excluding a public right-of-way. The School Board argued that, if the court accepted Crest Hill's argument that the statutory exemptions from the annexation statute could be used to establish contiguity for the Weber TIF district, section 11-74.4-4 of the TIF Act would be rendered meaningless.

¶ 11    In support of its argument, the School Board relied on the deposition testimony of Jeanne Lindwall, principal consultant for Camiros, Ltd., who prepared the TIF eligibility study and plan for Crest Hill. Lindwall agreed that the contiguity of the northwestern portion of the Weber TIF District (parcels B and C) and the remainder of the Weber TIF District (parcel A) was "solely based" on Crest Hill's ability to "jump" the 100.4-foot-wide by 234.9-foot-long portion of the utility parcel. Lindwall agreed this was "the only way" to get contiguity to parcel B from parcel A. Lindwall explained that 66 feet of Randich Road would also be included to establish contiguity, but the "primary contiguity" originated from excluding the public utility right-of-way. Lindwall admitted that she had relied upon legal counsel's explanations of contiguity under "the annexation statute" and that, if her understanding of contiguity were incorrect, "there would be no contiguity" between parcels A and B. Lindwall acknowledged that the utility parcel split the Weber TIF District, had not been incorporated into city limits, and had not been included in the Weber TIF District.

¶ 12    On February 15, 2019, the circuit court held a hearing on the parties' motions for summary judgment, before taking the matter under advisement. On March 28, 2019, the circuit court granted Crest Hill's motion for summary judgment and denied the School Board's motion. With regard to contiguity, the circuit court found that "over 400 feet of contiguity" connected parcels A and B so that contiguity existed between the northwestern portion (parcels B and C) and the remainder (parcel A) of the Weber TIF District. The circuit court determined that the existence of the public utility right-of-way "easement" between parcels A and B was "of no legal consequence." The circuit court thus concluded that Crest Hill had satisfied the contiguity requirement to establish the Weber TIF District. The School Board timely appealed to the appellate court.

¶ 13    The appellate court addressed the legal question of whether the parcels contained within the Weber TIF District were contiguous pursuant to the TIF Act (see *id.* § 11-74.4-4(a)). 2020 IL App (3d) 190225, ¶ 30. The appellate court stated that the appeal "boil[ed] down to one question—does the [TIF] Act allow [Crest Hill] to 'jump' the 234.9[-]foot portion of the natural gas right-of-way, located in the unincorporated 'excluded area' of the [Weber] TIF district, to establish contiguity between parcels A and B?" *Id.* The appellate court answered this question in the negative. *Id.*

¶ 14    The appellate court found well-suited for TIF cases the common-law definition of "contiguity" applicable in annexation cases. *Id.* ¶ 28. The appellate court noted, however, that in annexation cases, section 7-1-1 of the annexation division of the Municipal Code expressly expands contiguity to include territory separated from the municipality by a public utility right-of-way (see 65 ILCS 5/7-1-1 (West 2018)). 2020 IL App (3d) 190225, ¶ 28. The appellate court held that, if the legislature had intended to create a TIF district by considering real parcels contiguous even if separated by a public utility right-of-way, it would have said so. *Id.* ¶ 33. The appellate court held that because the legislature did not signal such an intention Crest Hill was prohibited from "jump[ing]" the public utility gas right-of-way to establish contiguity between parcels A and B. *Id.* ¶ 34. Because no other basis supported a finding of contiguity between parcels A and B, the appellate court held that the Weber TIF District lacked the contiguity required by section 11-74.4-4(a) of the TIF Act (65 ILCS 5/11-74.4-4(a) (West 2018)). 2020 IL App (3d) 190225, ¶ 34. Thus, the appellate court reversed the circuit court's order finding contiguity and granting summary judgment in favor of Crest Hill. *Id.*

¶ 15    Justice Holdridge specially concurred, noting that parcels A and B were physically separated by the utility parcel of land that prevented contiguity. *Id.* ¶ 41 (Holdridge, J., specially concurring). Justice Holdridge asserted that the utility parcel of land appeared to be owned in fee simple so that, even if Crest Hill could "jump" the natural gas right-of-way that existed on the border of parcel A and the utility parcel, Crest Hill could not establish contiguity with the remaining land within the utility parcel that stretched beyond the gas right-of-way up to parcel B. *Id.* ¶¶ 41-42.

¶ 16    On November 18, 2020, this court allowed Crest Hill's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Oct. 1, 2019)). This court also granted the Illinois Municipal League leave to submit an *amicus curiae* brief in support of Crest Hill. This court granted the Illinois Association of School Boards, the Illinois Association of School Administrators, and the Illinois Association of School Business Officials leave to submit an *amicus curiae* brief in support of the School Board (Ill. S. Ct. R. 345 (eff. Sept. 20, 2010)).

¶ 17                                II. ANALYSIS

¶ 18       In this appeal, we must determine whether a statutory exception to the contiguity requirement for annexation, found in the annexation division, division 1 of article 7 of the Municipal Code (65 ILCS 5/7-1-1 *et seq.* (West 2018)), applies as an exception to the contiguity requirement of the TIF Act, found in division 74.4 of article 11 of the Municipal Code (*id.* § 11-74.4-1 *et seq.*). The parties in this case agree that contiguity is established here only if the public-utility-right-of-way exception to contiguity required for annexation also applies as an exception to contiguity required by the TIF Act.

¶ 19                               A. Standard of Review

¶ 20       "When parties file cross-motions for summary judgment, they agree that only a question of law is involved and invite the court to decide the issues based on the record." *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Summary judgment motions are governed by section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2018)) and should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to judgment as a matter of law. *Id.* § 2-1005(c). "Where a case is decided through summary judgment, our review is *de novo*." *Pielet*, 2012 IL 112064, ¶ 30. *De novo* review is also appropriate to the extent that this case turns on the application of law to undisputed facts (*General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 172-73 (2011)) and the statutory construction of the TIF Act's provisions (*Pielet*, 2012 IL 112064, ¶ 30).

¶ 21                               B. TIF Act and Contiguity

¶ 22       "Our primary goal when interpreting the language of a statute is to ascertain and give effect to the intent of the legislature." *Maksym v. Board of Election Commissioners*, 242 Ill. 2d 303, 318 (2011). "The plain language of a statute is the best indication of the legislature's intent." *Id.* "Where the statutory language is clear and unambiguous, we will enforce it as written and will not read into it exceptions, conditions, or limitations that the legislature did not express." *Id.*

¶ 23 Likewise, to ascertain the legislative intent underlying the TIF Act, we look first to the statutory language, examining the language of the statute as a whole and considering each part or section in connection with every other part or section. See generally *In re Petition to Annex Certain Territory to Village of North Barrington*, 144 Ill. 2d 353, 362 (1991). The legislature alone authorized the creation of TIF districts, and thus, the court's function is to determine whether Crest Hill has complied with the statutory requirements set forth by the legislature. *Id.*

¶ 24 Pursuant to the TIF Act, the legislature determined that many municipalities within this State encompass blighted areas and that, to promote and protect the health, safety, morals, and welfare of the public, the blighted conditions found in these areas need to be eradicated and conservation measures instituted. 65 ILCS 5/11-74.4-2 (West 2018). A " 'blighted area' means any improved or vacant area within the boundaries of a redevelopment project area located within the territorial limits of the municipality where" certain factors are present. See *id.* § 11-74.4-3(a).

¶ 25 Section 11-74.4-4(a) of the TIF Act states that a redevelopment project area "shall include only those contiguous parcels of real property and improvements thereon substantially benefited by the proposed redevelopment project improvements." *Id.* § 11-74.4-4(a). Although the TIF Act requires contiguity of parcels within the redevelopment project area, contiguity is not defined by the TIF Act. Nevertheless, this court has held that, to reach statutory contiguity in the context of village incorporation, "the tracts of land in the territory must touch or adjoin one another in a reasonably substantial physical sense." *Western National Bank of Cicero v. Village of Kildeer*, 19 Ill. 2d 342, 352 (1960) *abrogated on other grounds by People ex rel. County of Du Page v. Lowe*, 36 Ill. 2d 372, 379-80 (1967). Likewise, this court has applied this definition in the context of statutory annexation by a municipality. See *In re Petition to Annex Certain Territory to Village of North Barrington*, 144 Ill. 2d at 365 ("purpose of the contiguity requirement in the annexation statute is to permit the natural and gradual extension of municipal boundaries to areas which adjoin one another in a reasonably substantial physical sense" (internal quotation marks omitted)).

¶ 26 Noting that "[c]ontiguity has long been defined in annexation cases as tracts of land which touch or adjoin one another in a reasonably substantial physical sense," the appellate court has determined that this definition of contiguity is also well

suited to determine questions arising under the TIF Act. *Henry County Board v. Village of Orion*, 278 Ill. App. 3d 1058, 1067 (1996); accord *Geisler v. City of Wood River*, 383 Ill. App. 3d 828 (2008). We agree that this definition of contiguity is well suited to determine questions arising under the TIF Act, in order to create redevelopment project areas with physical eligibility that are legitimately reaping tax increment financing benefits under the TIF Act. *Henry County Board*, 278 Ill. App. 3d at 1067. Applying this definition to the case *sub judice*, we find that parcel A does not touch or adjoin the remaining parcels in the Weber TIF District in a reasonably substantial physical sense and, therefore, parcel A and the remaining parcels (parcels B and C) in the Weber TIF District are not contiguous.

¶ 27     To circumvent the lack of contiguity, Crest Hill argues that the parcels are separated by a public utility right-of-way, running parallel and adjacent to both properties for a length of 234.9 feet, and that contiguity may therefore be established pursuant to the annexation provisions of the Municipal Code (65 ILCS 5/7-1-1 (West 2018)), which allow territory to be considered contiguous and annexed to a municipality notwithstanding that the territory is separated by a public utility right-of-way. Crest Hill argues that, because the TIF Act found in article 11 and the annexation division found in article 7 are both codified within the Municipal Code and reference "contiguous" in the same context, *i.e.*, to determine whether parcels of real property adequately touch, the uses of the term "contiguous" should be construed in harmony with one another if reasonably possible.

¶ 28     The School Board counters that, while contiguity for purposes of the TIF Act looks to the common-law definition of contiguity commonly applied in annexation cases, Crest Hill cannot rely on a statutory exception found only within the annexation division of the Municipal Code. The School Board argues that Crest Hill's reliance on a statutory exception found in the annexation division is particularly improper considering that the public utility right-of-way here is not included within the redevelopment project area of the Weber TIF District or within the incorporated boundaries of Crest Hill.

¶ 29     Pursuant to the statutory provisions for annexation, territory located outside the corporate limits of a municipality may be annexed to the municipality, if contiguous to the municipality. *Id.* Nevertheless, section 7-1-1 of the annexation division of article 7 of the Municipal Code provides exceptions to contiguity, stating:

"For the purposes of this Article any territory to be annexed to a municipality shall be considered to be contiguous to the municipality notwithstanding that the territory is separated from the municipality by a *** public utility right-of-way *** but upon annexation the area included within that *** right-of-way[ ] or former right-of-way shall not be considered to be annexed to the municipality." *Id.*

¶ 30   Notably, this case does not involve contiguous properties running parallel and adjacent to each other in a reasonably substantial physical sense, wherein a public utility owns a right-of-way, or easement, to pass through one or both of the physically adjacent properties. See Black's Law Dictionary 1440 (9th ed. 2009) (describing a right-of-way as a "strip of land subject to a nonowner's right to pass through"); see also *Kurz v. Blume*, 407 Ill. 383, 385 (1950) ("[i]t is settled that a right[-]of[-]way is an easement"); *Fallon v. Illinois Commerce Comm'n*, 402 Ill. 516, 523 (1948) ("right[-]of[-]way is one kind of an easement"); *Tallman v. Eastern Illinois & Peoria R.R. Co.*, 379 Ill. 441, 445 (1942) (deed granting "right of way" conveyed easement only, rather than a fee). Instead, the record reveals that the parcel of land located between parcels A and B is owned by Natural Gas Pipeline, is excluded from the redevelopment project area of the Weber TIF District and the territorial limits of Crest Hill, and physically separates parcels A and B. Crest Hill did not annex this excluded property and therefore could not include it in the Weber TIF District because it was not within the "territorial limits" of Crest Hill, as required by the TIF Act. See 65 ILCS 5/11-74.4-3(a) (West 2018) (" 'blighted area' means any improved or vacant area within the boundaries of a redevelopment project area located within the territorial limits of the municipality"). Indeed, the School Board argues that, in forming a TIF district, a municipality may not exclude utility-owned property that physically separates parcels in the redevelopment project area, then rely on a statutory annexation exception to jump that property and assert contiguity under the TIF Act. We agree.

¶ 31   Further, the plain language of section 7-1-1 of the annexation division, *i.e.*, "[f]or the purposes of this [a]rticle," clearly provides that the public-utility-right-of-way exception to the contiguity requirement for annexation is limited to article 7 of the Municipal Code. The TIF Act is found in article 11 of the Municipal Code, and thus, the plain language of the statute provides that this exception to contiguity for purposes of article 7 does not apply here.

- 11 -

¶ 32    Additional statutory language found in section 7-1-1 of the annexation division of the Municipal Code supports this conclusion. In addition to setting forth a public-utility-right-of-way exception to the contiguity requirement for annexation, section 7-1-1 also sets forth a strip-parcel exception, which thereby excludes a strip parcel that prevents contiguity for purposes of annexation. *Id.* § 7-1-1 (to be annexed to municipality, territory shall be considered contiguous notwithstanding that territory is separated from municipality by a strip parcel). However, section 7-1-1's exception limits the measurement of the excepted strip parcel to "no wider than 30 feet between the territory to be annexed and the municipal boundary." *Id.* Here, however, Crest Hill seeks to apply the public-utility annexation provision to exclude a parcel measuring 100.4 feet by 234.9 feet between the territories to be included in the redevelopment project area of the Weber TIF District. As noted by the School Board, the dimensional restriction reflected in the annexation provisions of the Municipal Code, which Crest Hill seeks to apply here, buttresses the decision to reject the significant leap requested by Crest Hill.

¶ 33    Moreover, the TIF Act itself reinforces our conclusion. Section 11-74.4-4(q) of the TIF Act reveals that the legislature contemplated that distinct but contiguous redevelopment project areas separated only by a public right-of-way may share revenues received. See *id.* § 11-74.4-4(q) (municipality may utilize revenues received under the TIF Act from one redevelopment project area for eligible costs in another redevelopment project area that is contiguous to the redevelopment project area from which the revenues are received and separated only by a public right-of-way from the redevelopment project area from which the revenues are received). We thus agree with the School Board that the plain language found in the annexation division of article 7 of the Municipal Code and in the TIF Act reveals the legislature's expressed intent that the statutory public-utility-right-of-way exception to contiguity for purposes of annexation was not contemplated for purposes of establishing contiguity for a single redevelopment project area pursuant to the TIF Act.

¶ 34    In sum, we recognize that the definition of contiguity, *i.e.*, touching or adjoining in a reasonably substantial physical sense, for purposes of designating a redevelopment project area pursuant to the TIF Act, is consistent with the common-law definition applicable in cases involving municipal annexation. However, this definition does not incorporate the statutory public-utility-right-of-way exception

for contiguity contained in the annexation division of the Municipal Code (*id.* § 7-1-1), particularly, as in this case, when the parcel of property to be excluded is owned by the utility company, is located outside the incorporated boundaries of the municipality and the boundaries of the redevelopment project area, and physically separates the parcels the municipality found to be contiguous for purposes of including them in the redevelopment project area pursuant to the TIF Act.

¶ 35                                                  III. CONCLUSION

¶ 36            For the foregoing reasons, the judgment of the appellate court is affirmed, and the judgment of the circuit court is reversed.

¶ 37            Appellate court judgment affirmed.

¶ 38            Circuit court judgment reversed.