THE PEOPLE *ex rel.* JOHN C. VAN CLEAVE *et al.*, Plaintiffs-Appellants,
v. THE VILLAGE OF SENECA *et al.*, Defendants-Appellees.

Third District   No. 3—87—0154

Opinion filed January 27, 1988.

Warren & Hayner, P.C., and Myers, Daugherity, Berry & O'Conor, Ltd., both of Ottawa (John A. Hayner and Andrew J. O'Conor, of counsel), for appellants.

Keith R. Leigh, of Seneca, for appellee Village of Seneca.

Hupp, Lanuti, Irion & Martin, of Ottawa (Joseph E. Lanuti, of counsel), for appellee Norman P. Higby.

JUSTICE WOMBACHER delivered the opinion of the court:

At a special meeting on February 19, 1985, the Village of Seneca (Village), located in La Salle County, Illinois, adopted an ordinance authorizing the execution of four annexation agreements. Under certain of the agreements the property owners of the annexed lands were exempt from paying real estate taxes for 20 years. Another agreement authorized an immediate issuance of a village liquor license to the property owner. That agreement was later amended to provide that the issuance of the liquor license would be contingent upon compliance with both the village liquor ordinance and the State Liquor Control Act of 1934 (Ill. Rev. Stat. 1985, ch. 43, par. 94 *et seq.*).

The plaintiffs in this suit requested the La Salle County State's Attorney and the Attorney General of the State of Illinois to file a *quo warranto* proceeding on the annexation. Both offices declined to bring the action.

The plaintiffs filed an application for leave to file a complaint in *quo warranto*. On February 20, 1987, the trial court denied the application on the ground that none of the plaintiffs had demonstrated the requisite statutory standing to bring the complaint.

The plaintiffs in this action and their asserted interests are as follows:

(1) John and Susan Van Cleave own real estate in Seneca and assert an anticipated tax increase in real estate taxes due to the waiver extended to certain annexed properties;

(2) Anna Cline owns real estate in and is a resident of Seneca. She asserts an anticipated increase in real estate taxes due to the taxation waiver extended to certain annexed properties;

(3) Francis and Esther Huss own real estate in and reside in La Salle County. Their property has been totally surrounded by the property encompassed in the annexation agreements. They assert that the potential for an *ex parte* annexation by Seneca exists and a resultant real estate tax increase is anticipated;

(4) The Township of Brookfield asserts that certain Township roads which were annexed by Seneca will cause a loss of motor fuel tax revenue because of the loss of the roads under its jurisdiction. Additionally, a referendum had established a prohibition against the sale of alcoholic liquor within the Township; the annexation agreement authorizing the issuance of a liquor license allegedly violates the prohibition.

Plaintiffs Huss and the Township of Brookfield had previously initiated an identical action prior to the finalization of the annexation. The trial court denied that application and this court dismissed the ensuing appeal.

The instant appeal is brought by each of the various plaintiffs and requires this court to determine whether any or all of the parties have standing to challenge the annexation.

■ *Quo warranto* is a remedy brought against a usurpation of public office. (Ill. Rev. Stat. 1985, ch. 110, par. 18—101 *et seq.*) It is a high-prerogative writ and, in administering the remedy, courts should proceed with deliberation and caution and with exercise of sound discretion. (*People ex rel. Knaus v. Village of Hinsdale* (1969), 111 Ill. App. 2d 368, 250 N.E.2d 309.) *Quo warranto* is the proper remedy for seeking to invalidate annexation of a territory by a municipal corporation. (*People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806.) Granting leave to file a complaint in *quo warranto* lies in the sound discretion of the court, which may consider, in addition to the statutory requirements, all circumstances and conditions, the motives of the petitioner in having the proceedings instituted and whether the public interest will be served or damaged by permitting the action. *People ex rel. Koplin v. Village of Hinsdale* (1976), 38 Ill. App. 3d 714, 348 N.E.2d 483.

■ As to plaintiffs Van Cleave and Cline, there can be no standing. The status of taxpayers is not sufficient to set forth an "interest" within the meaning of the provision of the statute. (*People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill. App. 3d 590, 284 N.E.2d 668.) The interest required must be one that is personal to the plaintiff and is not common to the public. Moreover, the damage to the private interest must be then occurring or very likely to occur. (*Island Lake Water Co. v. La Salle Development Corp.* (1986), 143 Ill. App. 3d 310, 493 N.E.2d 44.) The asserted potential increase in real estate taxes is speculative and not supported by the record. Sales and occupational taxes collected by the Village have increased due to the businesses which have been established on the annexed properties. This fact is not indicative of a necessitated rise in real estate taxes. It evidences a flatly contrary view than that asserted by the resident plaintiffs and supports an equally plausible proposition that real estate tax rates may decrease as a result of the annexation.

■ The plaintiffs Huss also do not have standing. The bare allegations of status as nearby residents of the subject property and as taxpayers are insufficient to invoke the court's discretion. (*People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806.) This court is without authority to reverse the trial court.

■ Further, plaintiff Township of Brookfield lacks standing to bring the warrant. We find no private interest in the Township which will be damaged by the annexation. The allegations advanced by the

Township pertain to public functions and considerations and thus are not a basis upon which to bring the instant action. See *People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 412 N.E.2d 718.

For all the foregoing reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

BARRY, P.J., and HEIPLE, J., concur.