460 S.E.2d 669

**In re the Petition of the CITY OF BECKLEY TO ANNEX, BY MINOR BOUNDARY ADJUSTMENT, WEST VIRGINIA ROUTE 3 RIGHT–OF–WAY BEGINNING AT the PRESENT CORPORATE LIMITS.**

**No. 22596.**

Supreme Court of Appeals of West Virginia.

Submitted May 16, 1995.

Decided July 11, 1995.

---

Floyd M. Sayre, City Atty., Beckley, for City of Beckley.

Warren A. Thornhill, III, Beckley, for Bradley–Prosperity Volunteer Fire Dept.

W. Randolph McGraw, II, Beckley, for Mabscott Volunteer Fire Dept.

MILLER, Justice, Retired, sitting by temporary assignment:

The City of Beckley (City) appeals an order of the Circuit Court of Raleigh County rejecting its petition for a minor boundary adjustment, which had been approved by the County Commission of Raleigh County (Commission). The City claims that the court erred in allowing non-freeholders to challenge the annexation by way of a writ of prohibition and in holding that the annexation by a minor boundary adjustment was invalid.

## I

In 1993, the City sought an annexation by a minor boundary adjustment under *W.Va. Code*, 8–6–5 (1989) of property along W.Va. Route 3 and three adjacent parcels by filing a petition for annexation with the Commission. The Commission found a minor boundary adjustment was involved and ordered a public hearing.[1]

The public hearing was held on November 16, 1993 before the Commission and there was no opposition to the annexation by the freeholders in the area to be annexed as contemplated by *W.Va.Code*, 8–6–5 (1989).[2]

---

**1.** The relevant language of *W.Va.Code*, 8–6–5 (1989) states:

In the event a municipality desires to increase its corporate limits by making a minor adjustment, the governing body of such municipality may apply to the county commission of the county wherein the municipality or the major portion of the territory thereof, including the territory to be annexed, is located for *permission to effect such annexation by minor* boundary adjustment.

Such application shall disclose the number of persons residing in the territory to be annexed to the corporate limits by the proposed change, and shall have attached thereto an accurate map showing the metes and bounds of such additional territory.

If satisfied that the proposed annexation is only a minor boundary adjustment, the county commission shall order publication of a notice of the proposed annexation to the corporate limits and of the date and time set by the commission for a hearing on such proposal.

**2.** The pertinent language of *W.Va.Code*, 8–6–5 (1989) states:

If the freeholders of the area proposed to be annexed who are present or are represented at the hearing are not substantially opposed to the proposed boundary change, the commission may enter an order changing the corporate limits of the municipality as requested.... If the proposed change is substantially opposed at the hearing by any such freeholder, the commission shall dismiss the application.

Thereafter, on November 24, 1993, the Bradley–Prosperity Volunteer Fire Department and the Mabscott Volunteer Fire Department brought a writ of certiorari in the Circuit Court of Raleigh County.

The City was granted leave to intervene and argued that because neither of the volunteer fire departments was a freeholder in the area to be annexed, neither had standing to bring a writ of certiorari relying on *In the Matter of the City of Morgantown,* 159 W.Va. 788, 226 S.E.2d 900 (1976). In *Morgantown,* the city sought an annexation by a minor boundary adjustment and its petition was refused by the county commission. The city then sought a writ of error to the Circuit Court of Monongalia County, which reversed the county commission and ordered the annexation. The county commission then appealed to this Court. However, we concluded that under *W.Va.Code,* 8–6–5 the county commission functioned as "an administrator and not a party to the proceedings." Syllabus Point 3, in part, *Morgantown.*[3] Thus, we held that the county commission's interest is only "to administer the law and thus [the commission] has no standing to prosecute an appeal as an aggrieved party." Syllabus Point 5, in part, *Morgantown.*[4]

In this case, the circuit court found that because the volunteer fire departments were not freeholders in the annexed area, they lacked standing under *W.Va.Code,* 8–6–5 (1989) to bring a writ of certiorari. The court, however, examined the configuration of the area to be annexed and determined the area did not meet the requirements of a minor boundary adjustment.[5] Then, the circuit court concluded that the county commis-

sion was acting beyond the scope of its authority and allowed the two volunteer fire departments to have relief through a writ of prohibition.

## II

■ There are no disputed facts in this case and the trial court made only legal conclusions concerning the scope of *W.Va. Code,* 8–6–5 (1989). Consequently, our standard of review is that contained in Syllabus Point 1 of *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995):

> Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.

In *Peyton v. City Council of Lewisburg,* 182 W.Va. 297, 298, 387 S.E.2d 532, 533 (1989), we observed the following about our annexation statutes (the relevant code sections have been extracted from footnotes and bracketed):

> There are three methods whereby territory may be annexed by a municipality: (1) annexation by minor boundary adjustment [W.Va.Code, 8–6–5]; (2) annexation by election [W.Va.Code, 8–6–2]; and (3) annexation without an election [W.Va.Code, 8–6–4]. . . .

Each of these three methods of annexation have different statutory requirements. For instance, in *Peyton, supra,* we dealt with annexation without an election contained in *W.Va.Code,* 8–6–4 (1969), which incorporated the territorial requirements contained in *W.Va.Code,* 8–2–1 (1969).[6]

> The statutory provision for a minor boundary adjustment does not permit a municipality to incorporate territory that consists only of a public street or highway, or to incorporate a home or business, or a group thereof, that is connected to the contiguous area of the city by territory that consists only of a public street or highway.

**3.** Syllabus Point 3 of *Morgantown, supra,* states:

> The function performed by a county commission, pertaining to municipal annexation by minor boundary adjustment, is that of an administrator and not a party to the proceedings.

**4.** The full text of Syllabus Point 5 of *Morgantown* is:

> A county commission, which exercises its authority under W.Va.Code, 8–6–5, *as amended,* has no interest, personal or official, in the municipal annexation matters which come before it other than to administer the law and thus has no standing to prosecute an appeal as an aggrieved party.

**5.** The circuit court's order stated:

**6.** Syllabus Point 3, *Peyton, supra,* states:

> The "one hundred inhabitant" restriction of West Virginia Code, 8–2–1 (1969), is a mandatory requirement for annexation of territory of less than one square mile under W.Va.Code, 8–6–4 (1969), in view of the language in the annexation statute providing that the territory

■ The minor boundary annexation procedure has not been discussed in any detail by this Court. Although a minor boundary annexation procedure was involved in *Morgantown, supra*, the statute's substantive provisions were not at issue. Morgantown's conclusion that the commission lacked standing to appeal a circuit court order is not helpful in this case because the commission is not appealing. Syllabus Point 2 of *Morgantown* did recognize the general powers of a county commission with regard to annexation:

> The powers exercised by a county commission with regard to municipal annexation are wholly statutory and it can exercise no other powers except those implicit in the specific grant.[7]

*See also* Syllabus Point 1, *Cowan v. County Commission of Logan County*, 161 W.Va. 106, 240 S.E.2d 675 (1977).

■ Moreover, it is generally recognized that the legislature may designate the power of annexation absent some constitutional limitations. *See generally*, 56 Am.Jur.2d *Municipal Corporations, Counties, and Other Political Subdivisions*, § 55 and § 63 (1971). Clearly under *W.Va.Code*, 8–6–5 (1989), the legislature delegated to the Commission the legislative and administrative authority to grant an annexation by a minor boundary line adjustment. The general powers of a commission are contained in Article 9, Section 11 of the *West Virginia Constitution* which includes this catch-all sentence, "[s]uch commissions may exercise such other powers, and perform such other duties, not of a judicial nature, as may be prescribed by law." We stated in Syllabus Point 3, *State ex rel. State Line Sparkler of WV, Ltd. v. Teach*, 187 W.Va. 271, 418 S.E.2d 585 (1992):

The legislature has authority to delegate its law-making power to municipal corporations and counties as to matters of local concern. Such delegation does not violate the separation of powers doctrine contained in Article V, Section 1 of the West Virginia Constitution.

■ Thus, the legislative authorization to grant an annexation through a minor boundary adjustment to the county commission in *W.Va.Code*, 8–6–5 (1989) is a proper delegation of legislative authority.

When we turn to the minor boundary annexation statute, we recognize that it is not a model of clarity concerning who may appeal the commission's order approving or rejecting annexation to the circuit court. Under *W.Va.Code*, 8–6–5 (1989), freeholders in the territory to be annexed may protest the proposed annexation at the commissioners' hearing and "[i]f the proposed change is substantially opposed at the hearing by any such freeholder, the commission shall dismiss the application." However, where at the public hearing the freeholders "are not substantially opposed to the proposed boundary change, the commission may enter an order changing the corporate limits of the municipality as requested...." *W.Va.Code*, 8–6–5 (1989).[8] These statutory provisions relate to the public hearing before the commission and are designed to guide its action with regard to approving or rejecting the proposed annexation petition. In *Morgantown*, we commented on this language and noted "[i]t has been held that, as a practical matter, almost unanimous approval by the freeholders of the territory is required. *Frazier v. Easley*, 121 W.Va. 230, 2 S.E.2d 769 (1939). *Morgantown*, 159 W.Va. at 793, 226 S.E.2d at 903."

be annexed "shall conform to the requirements" of W.Va.Code, 8–2–1.

**7.** This principle is consistent with our general law regarding a legislative grant of power to a municipality. Syllabus Point 1 of *McCallister v. Nelson*, 186 W.Va. 131, 411 S.E.2d 456 (1991), states:

" 'A municipal corporation has only the powers granted to it by the legislature, and any such power it possesses must be expressly granted or necessarily or fairly implied or es-

sential and indispensable. If any reasonable doubt exists as to whether a municipal corporation has a power, the power must be denied.' Syllabus Point 2, *State ex rel. [City of] Charleston v. Hutchinson*, 154 W.Va. 585, 176 S.E.2d 691 (1970)." Syllabus Point 1, *City of Fairmont v. Investors Syndicate of America [, Inc.]*, 172 W.Va. 431, 307 S.E.2d 467 (1983)."

**8.** For the relevant text of *W.Va.Code*, 8–6–5 (1989), *see supra* note 2.

*W.Va.Code,* 8–6–5 (1989)[9] does contain general language that the commission's order granting the annexation "may be reviewed by the circuit court as an order of a county commission ordering an election may be reviewed under section sixteen [§ 8–5–16], article five of this chapter."[10] This review language follows the text that allows the commission to grant the annexation petition if the freeholders are not substantially opposed to it.[11]

■ The general rule is that in the absence of some statutory language allowing an appeal from an annexation decision there is no right of appeal except under limited circumstances where the action is void or impairs vested rights.[12] *See Annotation* 13 A.L.R.2d 1279 (1950). Much the same general principle is stated in 2 Eugene McQuillin, *The Law of Municipal Corporations* § 7.10 (3d ed. 1988):

"The extension of the boundaries of a city or town is viewed as purely a political matter, entirely within the power of the state legislature to regulate. It is, in other words, a legislative function. This power is sometimes said to be inherent in the legislature, while in other instances it has been said to be power incidental to the power to create and abolish municipal corporations.

\*    \*    \*    \*    \*    \*

[The] enactment [of annexation statutes] is regarded as a discretionary legislative prerogative, and unless the obligations of contracts or vested rights of third persons are impaired by such action, in accordance with the well established rule, the judiciary cannot interfere. [Footnotes omitted]."

*See also People ex rel. Van Cleave v. Village of Seneca,* 165 Ill.App.3d 410, 116 Ill.Dec. 473, 519 N.E.2d 63 (1988); *Taylor v. City of Raleigh,* 290 N.C. 608, 227 S.E.2d 576 (1976); *Dugger v. City of Santa Fe,* 114 N.M. 47, 834 P.2d 424 (1992), *cert. denied* 113 N.M. 744, 832 P.2d 1223 (1992); *Quinn v. City of Columbia,* 303 S.C. 405, 401 S.E.2d 165 (1991); *State ex rel. Hornkohl v. City of Tullahoma,* 746 S.W.2d 199 (Tenn.App.1987).

■ In the absence of any more detailed language giving third parties who are not freeholders in the annexed property a specific right to appeal, we conclude that the right to appeal to a circuit court a county commission's decision adopting or rejecting an annexation through a minor boundary adjustment under *W.Va.Code,* 8–6–5 (1989), is limited to the involved municipality and the freeholders in the area to be annexed. It would appear that the legislature intended to protect freeholders who had objected but received an adverse decision from the commission. The same is true of a municipality which was adversely affected by the commission's order. We, therefore, find that the circuit court was correct in holding that the

---

**9.** The applicable language of *W.Va.Code,* 8–6–5 (1989) is:

If the freeholders of the area proposed to be annexed ... are not substantially opposed ..., the commission may enter an order changing the corporate limits ..., which order may be reviewed by the circuit court as an order of the county commission ordering an election may be reviewed under section sixteen [§ 8–5–16], article five of this chapter.

**10.** *W.Va.Code,* 8–5–16 (1969) provides, in pertinent part:

A writ of error shall lie to the circuit court in accordance with the provisions of article three [§ 58–3–1 et seq.], chapter fifty-eight of this code from any order of a county court ordering an election to be held under the provisions of this chapter. Upon the filing of a petition for a writ of error, all proceedings shall be suspended or stayed pending final adjudication of the matters involved.

**11.** For the relevant text of the procedural language of the public hearing before the commission, *see supra* note 2.

**12.** Despite rather broad language in *Hunter v. City of Pittsburgh,* 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907) as to the applicability of the federal constitution to annexation proceedings, the federal circuit court of appeal have recognized that equal protection principles contained in the fourteenth amendment to the United States Constitution may be applied in an annexation case. *See, e.g., Muller v. Curran,* 889 F.2d 54 (4th Cir.1989), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1027 (1990); *Hayward v. Clay,* 573 F.2d 187 (4th Cir.), *cert. denied,* 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 351 (1978). *See also Annotation,* 17 A.L.R. 5th 195 (1994).

volunteer fire departments lack standing to have the Commission's order reviewed by the circuit court.

## III

The circuit court allowed the volunteer fire departments to pursue their claim by changing it from a petition for certiorari to a writ of prohibition. This was based upon the court's belief that the Commission wrongly found the area could be annexed under the annexation by a minor boundary adjustment statute. There are two legal reasons that preclude this holding. First, as demonstrated in Syllabus Point 3 of *City of Morgantown*, the commission in this type of annexation is exercising legislative or administrative powers delegated to it.[13] Customarily, a writ of prohibition lies only against judicial officials. As we explained in Syllabus Point 2 of *State ex rel City of Huntington v. Lombardo*, 149 W.Va. 671, 143 S.E.2d 535 (1965):

> "Prohibition lies only in case of the unlawful exercise of judicial functions. Acts of a mere ministerial, administrative or executive character do not fall within its province." Point 4 Syllabus, *Fleming v. [Kanawha County] Commissioners*, 31 W.Va. 608 [8 S.E. 267 [1888]].

*See also Winkler v. State School Building Authority*, 189 W.Va. 748, 752 n. 2, 434 S.E.2d 420, 424 n. 2 (1993); *State ex rel. Miller v. Smith*, 168 W.Va. 745, 285 S.E.2d 500 (1981).

The second reason that we find the circuit court erred in granting prohibition was because of its conclusion that the Commission could not grant the petition as the annexed territory did not comport with annexation by way of a minor boundary adjustment. The circuit court's conclusion was based on the fact that the annexed territory contained an approximate 500 foot strip along State Route 3 abutting the city limits. However, although the rest of the property annexed did not abut the city's limits, it was adjacent to the strip.

Our annexation statute, *W.Va.Code*, 8–6–1 (1989), provides that "[u]nincorporated territory may be annexed to and become part of a municipality contiguous thereto...."[14] The statute does not otherwise define the term "contiguous." We have not had occasion to discuss the meaning of this term in an annexation context. There is a difference of view in other jurisdictions and in some instances the term is statutorily defined.[15] Some jurisdictions where the term "contiguity" is not defined, begin by stating that the purpose of annexation is to permit the natural and gradual extension of municipal boundaries to areas which adjoin one another. The reason advanced in *In re Petition to Annex Certain Territory to Village of North Barrington*, 144 Ill.2d 353, 365–67, 162 Ill.Dec. 66, 72, 579 N.E.2d 880, 886 (1991), for the contiguity requirement was to ensure "that delivery of police and fire services, sewer lines, and other provisions is convenient for the city and its residents." *See also City of Middletown v. McGee*, 39 Ohio St.3d 284, 530 N.E.2d 902 (1988). The Wisconsin Supreme Court gave this definition of contiguous in *Town of Lyons v. City of Lake Geneva*, 56 Wis.2d 331, 335–37, 202 N.W.2d 228, 231 (1972):

> However, "contiguous" does not always mean the land must be touching. "Contiguous" is defined in Black's Law Dictionary, Fourth Edition, p. 391, as "In close proximity; near, though not in contact; neighboring; adjoining; near in succession; in actual close contact; touching; bounded or traversed by."

*See also Awareness Group v. Board of Trustees of School Dist. No. 4*, 243 Mont. 469, 795 P.2d 447, 452–54 (1990).

13. *See supra* note 3, for the text of Syllabus Point 3, *Morgantown*.

14. The full text of *W.Va.Code*, 8–6–1 (1989) is:

Unincorporated territory may be annexed to and become part of a municipality contiguous thereto only in accordance with the provisions of this article.

Any farmlands or operations as described in article nineteen [§ 19–19–1 et seq.], chapter nineteen of this code which may be annexed into a municipality shall be protected in the continuation of agricultural use after being annexed.

15. *See, e.g., Delph v. Town Council of Town of Fishers*, 596 N.E.2d 294, 297 n. 4 (Ind.App. 1992).

In this case, the issue is not that the annexed portion does not abut the municipality's boundary. Rather, the issue involves the question of how much of the boundary of the annexed area must be contiguous to the city limits. The Ohio Supreme Court in *City of Middletown, supra*, recognized this problem and referring to *Annotation* in 49 A.L.R.3d 589, 598 (1973) stated that "the law is unsettled as to what degree of touching is needed to fulfill the contiguity requirement." 39 Ohio St.3d at 287, 530 N.E.2d at 905. At issue in *City of Middletown, supra*, was a 3.8–mile connecting strip which joined a larger tract, the court rejected annexation because the entire annexed area was not sufficiently contiguous. Other jurisdictions followed a less restrictive definition of contiguous in annexation cases. *See, e.g., City of Prattville v. City of Millbrook*, 621 So.2d 267 (Ala.1993) (long lasso-like strip to 440 acres to be annexed was permissible); *In re Village of North Barrington, supra* (inverted "L" shaped annexed area sufficiently contiguous).

The attempt to identify what is meant by the general term "contiguous" is often semantical at best. We observed in *Cowan v. County Commission of Logan County, supra*, 161 W.Va. at 112 n. 4, 240 S.E.2d at 679 n. 4, where we approved the incorporation of a municipality which consisted of a long narrow strip of land along a valley that "[l]ong, narrow, ribbon-like communities are characteristic features of human settlements in the valleys of the central Appalachian plateau of North America."

Moreover, when we deal as here, with an annexation by way of a minor boundary adjustment the process itself carries sufficient built in protection to avoid any truly outrageous geographical result. As we have previously discussed, *W.Va.Code*, 8–6–5 (1989) requires the municipality to propose the annexation. Common sense would dictate that the municipality would not undertake a burdensome obligation to supply services to the annexed area by extending them at great length along a narrow strip of land. Thus, there is an element of reasonableness that will control the city's decision to annex.

Even if this were not true and the municipality was able to require those in the annexed area to pay for its unreasonable services, then the freeholders in the annexed area are accorded the right to object at the public hearing.[16] If any freeholder is substantially opposed to the annexation at the public hearing before the commission, under *W.Va.Code*, 8–6–5 (1989), "the commission shall dismiss the [annexation] application". We have earlier pointed out .that both the municipality and freeholder(s) can appeal the Commission's order to the circuit court.

Finally, it must be remembered that this case involves an annexation through a minor boundary adjustment where the commission is authorized to act without any specific guidelines in *W.Va.Code*, 8–6–5 (1989) as to what shall be deemed a minor boundary adjustment.[17]

If we are to be faithful to the underlying concept that annexation is essentially a legislative matter that has been delegated to the commission, then the courts may not intrude unless the process is either unconstitutional or invalid. We agree with this statement of the Illinois Supreme court in *In re Village of North Barrington*, that "the legislature has left to the city council and the electors, rather than to the court, the question of the reasonableness of a petition for annexation."

**16.** "Freeholder" and "[f]reeholder interest in property" are defined in *W.Va.Code*, 8–1–2(b) (1969):

(14) "Freeholder" shall mean any person (and in the case of an individual who is sui juris and is not under a legal disability) owning a "freehold interest in real property";

(15) "Freehold interest in real property" shall mean any fee, life, mineral, coal or oil or gas interest in real property, whether legal or equitable, and whether as a joint tenant or a tenant in common, but shall not include a leasehold interest (other than a mineral, coal or oil or gas leasehold interest), a dower interest, or an interest in a right-of-way or easement, and the free-hold interest of a church or other unincorporated association shall be considered as one interest and not as an individual interest of each member thereof.

**17.** Annexation by minor boundary adjustment under *W.Va.Code*, 8–6–5 (1989) does not require the standards set out in *W.Va.Code*, 8–2–1 (1969) which are required in the other two annexation proceedings contained in *W.Va.Code*, 8–6–2 and 4 (1989).

144 Ill.2d at 369, 162 Ill.Dec. at 74, 579 N.E.2d at 888.

In this case, we conclude that it was error for the circuit court to determine that the Commission acted unreasonably and exceeded its jurisdiction by granting an annexation through a minor boundary adjustment. In general, a county commission enjoys a broad discretion in exercising its legislative powers in determining the geographic extent of a minor boundary adjustment sought by a municipality under *W.Va.Code* 8–6–5 (1989), so long as a portion of the area to be annexed is contiguous to the municipality. Consequently, we reverse the circuit court's judgment and remand the case directing that the Commission's order granting the annexation be affirmed.

Reversed and remanded with directions.

MILLER, Retired Justice, sitting by temporary assignment, delivered the Opinion of the Court.

BROTHERTON and RECHT, JJ., did not participate.

FOX, J., sitting by temporary assignment.