# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Susie M. Jenkins and Darrell Thomas,**
**Plaintiffs Below, Petitioners**

**vs) No. 16-0059** (Fayette County 15-AA-2)

**City of Oak Hill,**
**Defendant Below, Respondent**

**FILED**

**November 18, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Susie M. Jenkins and Darrell Thomas, by counsel E. Lavoyd Morgan, Jr., appeal the December 28, 2015, order of the Circuit Court of Fayette County affirming the Fayette County Commission's ("Commission") approval of the City of Oak Hill's application for annexation, by minor boundary adjustment. Respondent City of Oak Hill, by counsel Robert L. Hogan and James V. Kelsh, filed a response in support of the circuit court's order and a supplemental appendix. Petitioners filed a reply. Petitioners argue that the circuit court erred in approving the annexation by minor boundary adjustment as the amount of land to be annexed was not minor in size. Further, petitioners contend that the circuit court erred in finding that the Commission validly exercised its authority in approving the application for annexation over the objection of the majority of the affected parties.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that the circuit court did not err with respect to its approval of the City of Oak Hill's application for annexation by minor boundary adjustment. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 12, 2014, the City of Oak Hill ("City") filed, before the Commission, an application for annexation of 2,484 contiguous acres of land, including the entire Town of Minden.[1] The City pursued the application for annexation as a request for a minor boundary

---

[1]Minden is a small unincorporated town adjacent to the City in Fayette County's Plateau District. Petitioners argue that the City consists of approximately 4.89 square miles, or 3,129 acres. The proposed additional territory the City sought to annex was approximately 3.88 miles, or 2,484 acres.

adjustment under West Virginia Code § 8-6-5.[2] On December 19, 2014, the Commission found that the City's application met the statutory requirements and set the matter for public hearing.

On January 30, 2015, a public hearing was held. During the hearing, the comments of seven individuals supporting the annexation were heard, along with the statements of fifteen residents in the affected area opposing the annexation. In addition, a "document in opposition to the Application" with 873 signatures was presented to the Commission.[3] On February 10, 2015, the Commission held a special meeting to consider the City's application. Following the meeting, by order dated March 13, 2015, the Commission unanimously granted the City's application for annexation by minor boundary adjustment.

In July of 2015, petitioners appealed the Commission's order to the Circuit Court of Fayette County. In their appeal, petitioners argued that the annexation was improperly pursed as a "minor boundary adjustment" because the area to be annexed was too large to be considered minor. Petitioners further argued that the Commission did not give proper weight to the "opposition of the overwhelming majority of the freeholders in the proposed additional territory." The City responded in support of the Commission's order and argued that the Commission had broad discretion to determine the geographic extent of the minor boundary adjustment and that opposition to the annexation was not dispositive, but was only one of the many factors to be considered by the Commission.

A hearing was held on petitioners' appeal before the circuit court on September 14, 2015. By order entered December 28, 2015, the circuit court affirmed the Commission's ruling and dismissed petitioners' appeal. In support of its findings, the circuit court cited *In re the Petition of the City of Beckley*, 194 W.Va. 423, 430, 460 S.E.2d 669, 676 (1996), in which this Court

---

[2]The City's annexation application was allegedly necessitated by the need to repair and improve the City's wastewater treatment system. In 2014, the City applied for funding to make necessary repairs to its wastewater treatment facility. During that same time frame, the Arbuckle Public Service District's ("PSD") wastewater treatment facility, which provided service to the Town of Minden, was also in disrepair and required substantial improvements. When the City sought funding for its wastewater treatment improvement project, the West Virginia Infrastructure & Jobs Development Council ("IJDC") consolidated the City's request with a similar request it had received from the Arbuckle PSD. The IJDC supported a plan whereby the City would acquire the Arbuckle PSD's assets and assume responsibility for its customers. However, the City would only assume responsibility for the Arbuckle PSD if its acquisition of the PSD's assets provided "a reasonable balance of costs and benefits to the citizens of Oak Hill. Annexation of the Minden area is a condition for Oak Hill to acquire the [PSD's] assets." Without annexation and the City's contingent agreement to assume responsibility for the Arbuckle PSD, "local citizens and others downstream from [the PSD would be] subject to an ongoing, growing health risk from untreated or inadequately treated wastewater."

[3]Respondent alleges that this document is misleading. The document is not part of the record herein, but was described by respondent as being an "unsworn document" which contained only a limited number of signatures of persons who actually resided in the area to be annexed.

2

noted that a county commission considering "annexation through a minor boundary adjustment is authorized to act without any specific guidelines . . . as to what shall be deemed a minor boundary adjustment." (Citation omitted). Accordingly, the number of acres to be annexed did not render the Commission's annexation process or determination invalid. Further, the circuit court noted that the existence of opposition to annexation was simply one of the multiple factors to be considered by the Commission and the mere presence of opposition would not preclude the Commission from approving the application. It is from the circuit court's December 28, 2015, order that petitioners now appeal.

"Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chyrstal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). On appeal, petitioners raise three assignments of error. First, petitioners contend that the circuit court erred in approving the City's application for annexation by minor boundary adjustment because the area to be annexed was not "minor" in size and, as such, did not meet the threshold requirements for a "minor" boundary adjustment under West Virginia Code § 8-6-5.[4] In their second and third assignments of error, petitioners argue that the circuit court erred in finding that the Commission "validly considered" the objections of the majority freeholders in the annexed area and the higher water and sewer rates and surcharges that would be charged to those in the affected area.

In support of their first assignment of error, petitioners argue that with, the addition and placement of the term "minor" in West Virginia Code § 8-6-5, the Legislature intended to give county commissions the authority to grant boundary adjustments, that are "relatively small or of little consequence."[5] Conversely, the City argues that circuit court did not err in affirming the City's application for annexation by minor boundary adjustment and cites *In re the Petition of the City of Beckley*.

Based upon our review of the record herein, we agree with the City and find that the circuit court did not err. As we held in syllabus point six of *City of Beckley*, "[i]n general, a county commission enjoys a broad discretion in exercising its legislative powers in determining the geographic extent of a minor boundary adjustment sought by a municipality under W.Va. Code [§] 8-6-5 (1989), *so long as a portion of the area to be annexed is contiguous to the municipality*." *Id.* 194 W.Va. at 430, 460 S.E.2d at 676 (1996)(emphasis added).

---

[4]West Virginia Code § 8-6-5(a) provides that

In the event a municipality desires to increase its corporate limits by making a minor boundary adjustment, the governing body of the municipality may apply to the county commission of the county where the municipality or the major portion of the territory thereof, including the territory to be annexed, is located for permission to effect annexation by minor boundary adjustment. . . .

[5]In support of their argument, petitioners acknowledge that the term "minor" in undefined within West Virginia Code § 8-6-5, but argue that including a definition of the same was unnecessary as "minor" is a common word with a common meaning.

In the case sub judice, there is no dispute that a portion of the area to be annexed is contiguous to the City. Accordingly, based upon our holding in *In re the Petition of the City of Beckley*, we find no error with the circuit court's affirmation of the Commission's granting of the City's application for annexation by minor boundary adjustment.

In their second and third assignments of error, petitioners contend that the circuit court erred in finding that the Commission validly considered the objections of the affected parties in granting the City's application for annexation, including the fact that water and sewer rates of those in the affected area would likely increase.[6] West Virginia Code § 8-6-5(f) requires that

> In making its final decision on an application for annexation by minor boundary adjustment, the county commission shall, at a minimum, consider the following factors: (1) Whether the territory proposed for annexation is contiguous to the corporate limits of the municipality . . . ; (2) Whether the proposed annexation is limited solely to a division of highways right-of-way or whether the division of highways holds title to the property in fee; (3) Whether affected parties of the territory to be annexed oppose or support the proposed annexation . . . ; (4) Whether the proposed annexation consists of a street or highway . . . and one or more freeholders; (5) Whether the proposed annexation consists of a street or highway . . . which does not include a free holder but which is necessary for the provision of emergency services in the territory being annexed; (6) Whether another municipality has made application to annex the same or substantially the same territory; and (7) Whether the proposed annexation is in the best interest of the county as a whole.

Petitioners argue that the Commission failed to consider the extent of the opposition of the affected residents and, in doing so, "willingly ignored the intent of the Legislature." Respondents argue that the Commission's consideration of the opposition to the annexation was appropriate and fully comported with West Virginia Code § 8-6-5(f). Based upon our review of the record herein, we agree with respondent and find no error in the circuit court's affirmation of the Commission's approval of the City's application for annexation. The record herein plainly reflects that the Commission heard and considered statements of those opponents who appeared

---

[6]Petitioners allege that the Commission failed to consider the higher water and sewer rates of those in the affected areas following annexation. However, the circuit court, in consideration of petitioners' arguments, ruled, and we agree, that the

> Commission was cognizant that its approval of the requested annexation and [the City's] agreement to assume responsibility for the [Arbuckle PSD] were intertwined, and that improvements to the [PSD] may and likely would result in increased water and sewer rates. However, the potential for increased water and sewer bills does not invalidate the Commission's process of evaluating and approving the subject annexation because the Commission considered these concerns, no rate change has been requested, and the authority to approve or disapprove of the same lies within the [domain of] the Public Service Commission.

4

at the January 30, 3015, public hearing and took into consideration the best interests of Fayette County as a whole in rendering its decision on the City's application, as required by West Virginia Code § 8-6-5(f).[7]

For the foregoing reasons, we affirm the Circuit Court's December 28, 2015, order.

Affirmed.

**ISSUED:** November 18, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[7]We note, in particular, the Commission's findings with respect to the inadequacy of the wastewater treatment facilities of both the City and the Arbuckle PSD and acknowledge the Commission's consideration of the potentially catastrophic consequences of inadequate wastewater treatment facilities on this region and the health of its citizens.

5