No. 15-1223 – *Tony Coffman, Robert Marsh, Mary Marsh, James Marsh, and Marilyn Marsh v. Nicholas County Commission, et al.*

**FILED**

**February 9, 2017**

**released at 3:00 p.m.**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Justice Ketchum dissenting:

I disagree with the majority's conclusion that the annexed property is "contiguous" with the city limits of Summerville.

The city council petitioned to annex the subject property pursuant to W.Va. Code § 8-6-5 [2001]. West Virginia Code 8-6-5(f)(1) provides:

> (f) In making its final decision on an application for annexation by minor boundary adjustment, the county commission shall, at a minimum, consider the following factors:
>
> (1) Whether the territory proposed for annexation is contiguous to the corporate limits of the municipality. For purposes of this section, "contiguous" means that at the time the application for annexation is submitted, the territory proposed for annexation either abuts directly on the municipal boundary or is separated from the municipal boundary by an unincorporated street or highway, or street or highway right-of-way, a creek or river, or the right-of-way of a railroad or other public service corporation, or lands owned by the state or the federal government;

The annexed property was not truly contiguous with the city limits. No residential or commercial property within the corporate limits of the city shares a common boundary line with the annexed property. Nevertheless, in an attempt to remedy this problem, the city's petition used a "narrow private easement" to connect the annexed property to the city limits. West Virginia Code 8-6-5(f)(1) defines "contiguous" for purposes of annexation by minor boundary adjustment as requiring that the "territory

1

proposed for annexation . . . abuts directly on the municipal boundary. . ." In the present

case, the annexed property does not "abut directly on the municipal boundary."

Therefore, I agree with the Petitioners that the use of the "narrow private easement" to satisfy the contiguous requirement creates an "outrageous geographical result" that defies common sense and is unreasonable and arbitrary. *See In re Petition of the City of Beckley*, 194 W.Va. 423, 430, 460 S.E.2d 669, 676 (1995) ("Common sense would dictate that the municipality would not undertake a burdensome obligation to supply services to the annexed area by extending them at great length along a narrow strip of land. Thus, there is an element of reasonableness that will control the city's decision to annex.").

Based on the foregoing, I respectfully dissent.