# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**City of Winfield,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0086** (Putnam County 15-P-77)

**Putnam County Commission,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner City of Winfield ("Winfield"), by counsel Timothy J. LaFon, appeals the Circuit Court of Putnam County's January 8, 2021, order denying Winfield's writ of error associated with its petition for annexation by minor boundary adjustment. Respondent Putnam County Commission ("PCC"), by counsel Larry Frye, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In late April of 2015, Winfield filed with the PCC (pursuant to West Virginia Code § 8-6-5)[1] a petition for annexation by minor boundary adjustment requesting that two tracts of land be added into the corporate limits of City of Winfield. The first tract was described as 193 +/- acres of territory. The second tract was described as 30 +/- acres. The property tracts were reported to

---

[1] West Virginia Code § 8-6-5(a)(2001) provides, in pertinent part, that

> [i]n the event a municipality desires to increase its corporate limits by making a minor boundary adjustment, the governing body of the municipality may apply to the county commission of the county wherein the municipality . . .  is located for permission to effect annexation by minor boundary adjustment.

1

be contiguous with the City of Winfield and "enjoy the benefits of the infrastructure" Winfield has "invested within the [c]ity limits."

Following appropriate notice and publication, a hearing on Winfield's petition for annexation was completed before the PCC on July 30, 2015.[2] During the hearing, Winfield's mayor testified that citizens residing inside the Winfield city limits were paying a utility tax that those outside the territory do not pay. Further, the mayor noted that businesses inside the Winfield city limits were paying taxes to support the area and services that were utilized by those outside city limits, including those in the tracts identified to be annexed. The mayor also advised that Winfield currently provides sewer and water service to the proposed annexed territory, as well as financial support for local volunteer fire departments. When the hearing was opened for public comments, fifteen people spoke about the annexation, with four speaking in favor of the annexation and eleven against. Additionally, the PCC noted that it had received communications from six individuals, all opposing the annexation.

By order entered on October 11, 2015, the PCC denied Winfield's petition for annexation. In its order, the PCC found, in part, that annexation was improper as "an overwhelming majority of the 'affected parties' residing either in the Winfield City limits or in the proposed territory opposed the annexation." The PCC further ruled that the proposed annexation was "not in the best interest of Putnam County as a whole." In addition to the order denying the petition of annexation, the PCC filed a "Certification of Facts," which Winfield describes as an effort to create a record from the unrecorded July 30, 2015, hearing.[3]

Thereafter, in November of 2015, Winfield filed, in the circuit court of Putnam County, a petition for writ of error challenging the PCC's denial of the petition for annexation by minor boundary adjustment. In its petition, Winfield argued that the PCC erred in failing to support its findings of fact and conclusions of law by substantial evidence; erred in failing to support its finding that a territory opposed annexation; erred in concluding that the proposed annexation was not in the best interests of Putnam County as a whole; erred in concluding that the proposed annexed area did not constitute a minor boundary adjustment; and erred by failing to provide findings of fact and conclusions of law in its decision to enable appellate review.

The parties submitted briefs and the court heard arguments as to the parties' positions regarding how the matter should proceed, given that there was no recording of the July 30, 2015, hearing. On February 27, 2018, the circuit court entered an order remanding the case back to the PCC for an evidentiary hearing regarding the proposed annexation and further directed "that the hearing be recorded and transcribed."

_____

[2] Despite the PCC's representation that said hearing was being recorded, the hearing was not actually recorded.

[3] West Virginia Code § 58-3-4, provides, in pertinent part, that the record for appeals from rulings by commissions, such as respondent, may include a certificate of facts, made by commissioners, or a majority of them, when the proceeding before the commission "was not stenographically reported and preserved[.]"

2

On January 31, 2019, a second hearing on Winfield's proposed annexation was held before the PCC and included testimony by Winfield's mayor similar to the testimony offered by the mayor at the initial hearing. During the second hearing, the PCC heard from eighteen individuals, ten of which spoke in opposition to the annexation. Additionally, a document, bearing the signature of thirty-seven people and entitled "the undersigned live or have a business in the area that is to be annexed by the [City] of Winfield, we do not support the attempt to put us inside the city limits" was entered into the record during the hearing.

Following the second hearing, on February 12, 2019, the PCC entered an order denying the petition for annexation addressing each of the factors outlined in West Virginia Code § 8-6-5(f).[4] Thereafter, Winfield filed a motion for a status conference in the previously filed circuit court case, once again advancing a petition for writ of error as to the PCC's denial of Winfield's petition for annexation by minor boundary adjustment. After briefing and oral arguments were completed in circuit court, a hearing was held by the court on January 9, 2020. By order entered on January 8, 2021, the court denied Winfield's writ of error. In its order, the circuit court found

---

[4] West Virginia Code § 8-6-5(f) states that

[i]n making its final decision on an application for annexation by minor boundary adjustment, the county commission shall, at a minimum, consider the following factors:

(1)     Whether the territory proposed for annexation is contiguous to the corporate limits of the municipality. . . .

(2)     Whether the proposed annexation is limited solely to a Division of Highways right-of-way or whether the Division of Highways holds title to the property in fee;

(3)     Whether affected parties of the territory to be annexed oppose or support the proposed annexation. . . .

(4)     Whether the proposed annexation consists of a street or highway . . . and one or more freeholders;

(5)     Whether the proposed annexation consists of a street or highway . . . which does not include a freeholder, but which is necessary for the provision of emergency services in the territory being annexed;

(6)     Whether another municipality has made application to annex the same or substantially the same territory; and

(7)     Whether the proposed annexation is in the best interest of the county as a whole.

that because the PCC's February 12, 2019, order sets forth the commission's findings as to each required element to be considered, the order was sufficient to meet the statutory requirements under West Virginia Code § 8-6-5(f). Specially, the circuit court noted that not only did the PCC "address each of the statutory requirements in its final order, according to the audio recording of the hearing held before it, the [commission] addressed each of the statutory requirements in person during the hearing." It is from the circuit court's January 8, 2021, order that Winfield appeals.

First, we generally note that this Court has recognized that "[i]f we are to be faithful to the underlying concept that annexation is essentially a legislative matter than has been delegated to the [county] commission[s], then the courts may not intrude unless the process is either unconstitutional or invalid." *Coffman v. Nicholas County Commission*, 238 W. Va. 482, 493, 796 S.E.2d 591, 602 (2017) (quoting *In re the Petition of the City of Beckley*, 194 W. Va. 423, 430, 460 S.E.2d 669, 676 (1995)). In Syllabus Point three of *Coffman*, we have held that

> [i]n general, a county commission enjoys a broad discretion in exercising its legislative powers in determining the geographic extent of a minor boundary adjustment sought by a municipality under *W. Va. Code* § 8-6-5 [(2001) (Repl. Vol. 2012)], so long as a portion of the area to be annexed is contiguous to the municipality.

238 W. Va. at 483, 796 S.E.2d at 593 (citation omitted).

Before this Court, Winfield raises six assignments of error. In its first three assignments of error, which Winfield addresses together in its petition for appeal, it contends that the circuit court erred by affirming the PCC's denial of the proposed annexation because the PCC's ruling was not supported by "substantial evidence," was not in the best interests of Putnam County as a whole, and was not opposed by a majority of the affected parties residing within the city limits or proposed territory. However, our review of the record belies Winfield's arguments in this regard. Here, the circuit court had before it the detailed record from the proceedings before the PCC, which included the exhibits introduced and the testimony presented during the hearing which support the court's findings that the PCC's order was sufficient to meet the statutory requirements under West Virginia Code § 8-6-5(f) and represents an appropriate exercise of PCC's discretion. Accordingly, we find no error.

In its fourth assignment of error, Winfield, focusing on remarks made by the PCC during the second hearing, contends that the PCC's denial of the petition for annexation was predicated on the fact that the proposed annexed area, approximately 223 acres, was so large that it did not constitute a minor boundary adjustment. In support of its argument as to this issue, consisting of only one brief paragraph of three sentences, Winfield states that the area to be annexed is not too large as to be considered a minor boundary adjustment as this Court has recognized minor boundary adjustments in cases involving larger geographic areas. Conversely, the PCC notes, and we concur, that the size of the proposed annexation was not a factor in the commission's denial of the minor boundary adjustment. Here, the size of the proposed annex was not in dispute. Below, the PCC denied Winfield's annexation request not because the area at issue was too large or too small to be considered a minor boundary adjustment but because Winfield did not meet each of the seven factors set forth in West Virginia Code § 8-6-5(f). As such, there is no error.

4

As to its fifth assignment of error, Winfield contends that the PCC's order entered in February of 2019, contained "no evidence recited therein that would support its conclusion" and that the circuit court erred in finding that the PCC's order was sufficient. We disagree. West Virginia Code § 8-6-5(h) states simply that "the final order of the commission shall include the reasons for the grant or denial of the application" for annexation by minor boundary adjustment. In *Coffman*, this Court addressed a similar argument and found that while the order at issue therein did not go into great detail or lengthy analysis, said order was proper as it met the minimum requirements of the statutory scheme (West Virginia Code § 8-6-5). *Coffman* 238 W. Va. at 493, 796 S.E.2d at 602. Here, there is no dispute that the PCC's order at issue addresses each of the minimum requirements of West Virginia Code § 8-6-5. Accordingly, we find no error. This Court will not substitute its judgment regarding the factors in West Virginia Code § 8-6-5, or the final decision of the PCC.

In its final assignment of error, Winfield suggests that its due process rights were denied as the testimony of its witnesses at the hearing before the commission in January of 2019, was limited to only three minutes per witness. Winfield suggests that the limitation was "indicative of the [commission's] predisposition towards denial" of the annexation and was improper. We disagree. A review of the transcript from the hearing in January of 2019, establishes that Winfield was given an opportunity to be heard in a meaningful manner and was not denied due process. Further, the record suggests that the time limitations as to each witness were not strictly enforced and Winfield was permitted to present all its witnesses. As the circuit court noted in its January 8, 2021, order, while the witnesses' presentations may have been brief, they were "sufficient for the [commission] to fully consider the relevant issues to reach a proper conclusion." We further note that there is no record of any objection by Winfield's counsel of the time restrictions that it now claims were improper. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Therefore, this argument will not be considered on appeal.

For the foregoing reasons, we affirm the Circuit Court of Putnam County's January 8, 2021, order denying Winfield's writ of error.

Affirmed.

**ISSUED:** August 30, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn