**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240509-U

Order filed December 8, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| EIVAN'S PHOTO, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| | ) | Appeal No. 3-24-0509 |
| v. | ) | Circuit No. 24-SC-1656 |
| | ) | |
| NORMA HUBBARD and JHONEL UGARTE, | ) | Honorable |
| | ) | James B. Harvey, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The trial court's dismissal of the case on *res judicata* grounds was premature where the matter remains pending on appeal in Pennsylvania.

¶ 2    Plaintiff, Eivan's Photo, filed a small claims complaint against defendants, Norma Hubbard and Jhonel Ugarte, arising out of a claim for breach of contract. Defendants filed a motion to dismiss for lack of personal jurisdiction. Following a hearing, the court granted the motion and dismissed the complaint. Plaintiff sought leave to file a motion to reconsider, which the court denied. Plaintiff appeals both decisions. We vacate and remand with directions.

I. BACKGROUND

¶ 4      On March 7, 2024, plaintiff filed a small claims complaint against defendants, Pennsylvania residents, for breach of contract. Plaintiff alleged it entered into a contract with defendants on April 24, 2023, to provide photography and videography services for defendants' wedding in Pennsylvania. The contract contained a forum selection clause providing Will County would be the proper venue for any lawsuit. Defendants paid plaintiff $1,505.99 for these services with a credit card. The wedding and services occurred as planned. Thereafter, plaintiff sent defendants a video of the wedding for review and approval, and defendants executed an approval form. On October 21, 2023, and November 23, 2023, defendants initiated a chargeback on their credit card for the payment they made to plaintiff. As a result of the credit card disputes, plaintiff alleged it incurred $1,130 in damages. Plaintiff contended the terms of the contract provided defendants were responsible for a $500 fee per credit card dispute plus any fees. The contract and approval form for the wedding video were attached to the complaint.

¶ 5      On April 22, 2024, defendants filed a motion to dismiss the complaint for lack of personal jurisdiction (735 ILCS 5/2-301 (West 2024)). Defendants provided they were residents of Pennsylvania, plaintiff solicited defendants via the internet for wedding photography and videography services, and the wedding and contracted services occurred in Pennsylvania. Defendants also noted they filed suit against plaintiff in Pennsylvania on February 16, 2024, over the same matter, and plaintiff waived jurisdiction by appearing by counsel (*Hubbard v. Eivan's Photo & Video*, No. MJ-02203-CV-0000033-2024 (Lancaster County, Magisterial District Court of Pennsylvania)). The motion included an affidavit of defendant Hubbard, stating neither she nor defendant Ugarte agreed to be subject to Illinois jurisdiction. Also attached to the motion was the

Pennsylvania complaint detailing defendants' dissatisfaction with plaintiff's services and a motion filed by plaintiff's counsel in the Pennsylvania action to reschedule a hearing.

¶ 6 On May 20, 2024, plaintiff filed a response to the motion to dismiss. Plaintiff included the contract language providing Illinois was the proper jurisdiction for the suit. Further, plaintiff disagreed it waived jurisdiction in Pennsylvania by appearing and attached a motion to dismiss for lack of jurisdiction it filed in that suit.

¶ 7 On May 28, 2024, the court held a hearing on defendants' motion to dismiss. Defendants provided a trial had recently occurred in Pennsylvania and judgment was entered in their favor for the full contract amount plus costs. Defendants argued the matter was moot as the Pennsylvania dispute involved the same parties and contract. Plaintiff argued it contested jurisdiction before the Pennsylvania court and only participated in those proceedings to preserve its jurisdictional objection. Plaintiff also argued, since the Pennsylvania Magisterial Court was of limited jurisdiction, the judgment was only valid in the jurisdiction in which it was entered. However, plaintiff was "in the process of filing a motion to appeal to the Court of Common Pleas, which is a court of competent jurisdiction and general jurisdiction." Following arguments, the court granted defendants' motion to dismiss for lack of jurisdiction.

¶ 8 On June 17, 2024, plaintiff sought leave to file a motion to reconsider. First, plaintiff contended the court erred in dismissing the complaint because the contract terms gave the court personal jurisdiction over defendants. Second, plaintiff argued the Pennsylvania judgment was not binding because it was an inferior court without authority to adjudicate or enforce forum selection clauses. At the hearing on the motion, counsel informed the court that an appeal had been filed in the Pennsylvania case. The court denied the motion, and this appeal followed.

¶ 9                                      II. ANALYSIS

3

¶ 10    On appeal, plaintiff argues (1) the court erred in granting defendants' motion to dismiss because (a) the contract contained a valid forum selection clause and (b) the Pennsylvania judgment did not render the Illinois case moot, and (2) the court abused its discretion by denying plaintiff leave to file a motion to reconsider. Defendants argue the court's rulings were proper because the case was barred by *res judicata* or, alternatively, the Pennsylvania judgment rendered the Illinois case moot. The parties' briefs do not mention the appeal taken in Pennsylvania.

¶ 11    The Pennsylvania judgment was not made part of the record. However, this court may take judicial notice of matters readily verifiable from sources of indisputable accuracy. See *Board of Education of Richland School District No. 88A v. City of Crest Hill*, 2021 IL 126444, ¶ 5 (taking judicial notice of information provided on a county website). The Pennsylvania public case information system provides defendants filed suit in Pennsylvania on February 16, 2024, the court entered a judgment in defendants' favor for the full contract amount plus costs on May 20, 2024, plaintiff filed an appeal on June 14, 2024, and the appeal remains pending.[1] The parties do not dispute the cases involve the same matter and parties and plaintiff challenged personal jurisdiction in Pennsylvania just as defendants challenge personal jurisdiction in Illinois. Consequently, the Pennsylvania suit raises *res judicata* concerns.

¶ 12    *Res judicata* is an equitable doctrine that promotes judicial economy by preventing multiple lawsuits between the same parties where they involve the same facts and issues. *Murneigh*

---

[1]The Pennsylvania case was docketed in the Magisterial District Court in Lancaster County as case No. MJ-02203-CV-0000033-2024, and the public docket sheet provides the judgment details and filing dates. See Docket No. MJ-02203-CV-0000033-2024, The Unified Judicial System of Pennsylvania Web Portal, https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-02203-CV-0000033-2024&dnh=QlgKfigfgeIdC3DfH4dHrA%3D%3D (last visited Oct. 14, 2025) [https://perma.cc/EJD4-LYXQ]. The appeal in that case was docketed as case No. CI-24-04190 and is currently pending. Lancaster County Prothonotary Office, https://portal.lancaster.pa.countysuite-azuregov.us/courts.civil.publicsearch/(S(kstidarp0hn1ketc0jfl0idv))/ng/case/1141526 (last visited Oct. 14, 2025) [https://perma.cc/7EX3-YZAS].

*v. Gainer*, 177 Ill. 2d 287, 299 (1997). "Thus, under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *Village of Bartonville v. Lopez*, 2017 IL 120643, ¶ 49. Aside from the doctrine applying to what was actually decided in the original action, it also extends to matters which could have been decided in that suit. *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334-35 (1996). Further, under the doctrine of *res judicata*, if jurisdiction was litigated in the foreign court, an Illinois court is precluded from inquiring into the foreign court's jurisdiction and must accord full faith and credit to that ruling. *Firstar Bank Milwaukee, NA v. Cole*, 287 Ill. App. 3d 381, 382-83 (1997); see *In re Marriage of Kohl*, 334 Ill. App. 3d 867, 880 (2002) (finding *res judicata* inapplicable where the party never had the opportunity to litigate the issue of personal jurisdiction before the foreign court).

¶ 13        Here, plaintiff's attempt to relitigate the issue of personal jurisdiction is unavailing as the issue remains pending on appeal in Pennsylvania. Likewise, it would be injudicious for us to determine the applicability of *res judicata*, as defendants request, because it may result in a conflicting judgment. "[W]hen a party appeals the judgment in one case, it is possible that conflicting judgments can result by allowing the judgment in the first case to serve as the basis for *res judicata* in the second case because the judgment in the first case could be reversed on appeal." *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 17 (2009). To avoid such result, Illinois courts have recognized it is appropriate to delay a decision in the second case while the appeal of the first case is being resolved. *Id.*

¶ 14        Accordingly, the most appropriate action in this case would have been for the parties to request a stay and for the court to delay any decision on the motion to dismiss pending the outcome of the Pennsylvania litigation. The information before us demonstrates the potential for appellate

5

review has still not been exhausted in Pennsylvania and dismissal on the basis of *res judicata* is not appropriate at this time. We emphasize the importance of avoiding conflicting judgments and the purpose of *res judicata* to protect parties from being forced to bear the unjust burden of relitigating the same case. See *Arvia v. Madigan*, 209 Ill. 2d 520, 533 (2004). For these reasons, we vacate the trial court's order granting defendants' motion to dismiss and dismissing plaintiff's complaint. We order the court to stay the proceedings until the potential for appellate review has been exhausted in the Pennsylvania suit. However, the stay is subject to later reconsideration by the court as to whether the appeal in Pennsylvania is proceeding in a reasonably timely manner. See *Shaw v. Citizens State Bank of Shipman*, 185 Ill. App. 3d 79, 82-83 (1989).

¶ 15                                    III. CONCLUSION

¶ 16        For the reasons stated, we vacate the judgment of the trial court of Will County and remand with directions.

¶ 17        Vacated and remanded with directions.